**UNITED STATES of America,**
**Appellee,**

v.

**George BROWN, a/k/a China,**
**Defendant–Appellant.**

**Docket No. 00–1089.**

United States Court of Appeals,
Second Circuit.

Argued: Sept. 29, 2000
Decided: Nov. 3, 2000

I. Bennett Capers, Assistant United States Attorney for the Southern District of New York (Mary Jo White, United States Attorney for the Southern District of New York, and Baruch Weiss, Assistant United States Attorney for the Southern District of New York, of counsel), for Appellee.

James E. Neuman, Haft & Fishbein, L.L.P., New York, New York (Harvey Fishbein, of counsel), for Defendant–Appellant.

Before: McLAUGHLIN, LEVAL, and SOTOMAYOR, Circuit Judges.

PER CURIAM:·

### BACKGROUND

From 1989 to 1997, George Brown a/k/a China ("Brown") was a member of the "Westchester Avenue Crew", a drug organization that sold heroin under the brand names "Stingray" and "Tuna" near Westchester and Bryant Avenues in the Bronx. Brown was arrested along with several of his cronies in 1997. In a multi-defendant, multi-count indictment returned on November 12, 1997, Brown was charged with conspiracy to distribute and possess with intent to distribute one kilogram and more of heroin, in violation of 21 U.S.C. § 846.

After plea negotiations with the government, Brown agreed to plead guilty to three counts of use of a telephone in facilitating a narcotics conspiracy, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. An information charging Brown with these counts was filed on April 16, 1999, superseding the indictment. That same day, Brown entered a plea of guilty before

Magistrate Judge Andrew J. Peck of the United States District Court for the Southern District of New York.

In Brown's plea agreement: (1) the parties stipulated that, under the United States Sentencing Guidelines ("U.S.S.G." or "Guideline(s)"), Brown had an offense level of 31 and a criminal history level of VI, resulting in a Guideline range of 188 to 235 months' imprisonment, capped at 144 months, the statutory maximum term of incarceration for the offenses charged; and (2) Brown waived his right to appeal "any sentence within or below the stipulated Guidelines range."

The parties were unable to agree, however, on whether Brown's federal sentence should run concurrently with his undischarged New York State prison term, and whether Brown should receive credit for time served in state prison. At issue were Brown's prior New York State criminal convictions for: (1) attempted criminal sale of narcotics to an undercover officer on April 2, 1995 at the corner of Ward and Watson Avenues in the Bronx (the "1995 Offense"); and (2) attempted criminal sale of a controlled substance on April 24, 1996, based on his sale of "Stingray" brand heroin to an undercover officer in a building at 1203 Westchester Avenue, one of the Westchester Avenue Crew's distribution locations (the "1996 Offense"). Although the arrests were over one year apart and were factually unrelated, they were consolidated for sentencing purposes. On January 29, 1997, Brown was sentenced in state court to two terms of incarceration of 42 months to seven years, to be served concurrently.

The 1995 Offense was unrelated to the federal charges but was taken into account in calculating Brown's criminal history category. The 1996 Offense, being related to the federal charges, was excluded from the criminal history calculation because it was already taken into account in determining the federal offense level.

U.S.S.G. § 5G1.3 provides as follows:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3, Application Note 2, makes clear that under subsection (b), the district court should not only make the federal sentence run concurrent to the state sentence, but, when necessary, should credit the defendant for time already served. Application Note 5 deals with "Complex Situations" where the facts of the case do not fall neatly within subsections (a) or (b):

Occasionally, the court may be faced with a complex case in which a defendant may be subject to multiple undischarged terms of imprisonment that seemingly call for the application of different rules. In such a case, the court may exercise its discretion in accordance with subsection (c) to fashion a sentence of appropriate length and structure it to run in any appropriate manner to achieve a reasonable punishment for the instant offense.

The government believed that subsection (c) applied in Brown's situation be-

cause only the 1996 Offense was related to his criminal activity with the Westchester Avenue Crew, and had thus been "fully taken into account in the determination of the offense level." U.S.S.G. § 5G1.3(b). Brown conceded (at the time) that the 1995 Offense was completely unrelated to his activity with the Crew and, therefore, was not considered relevant conduct for purposes of determining his federal offense level. He nevertheless believed that, because the arrests were consolidated for sentencing, and the sentences were being served concurrently, the court should apply U.S.S.G. § 5G1.3(b) and credit Brown for time served.

Brown's plea agreement acknowledged the parties' disagreement in this respect. The government agreed not to take a position on whether Brown's federal sentence should run concurrently, partially concurrently, or consecutively to the undischarged state sentence, but reserved the right to "provide the Court and Probation Department with facts which might be relevant to the applicability of U.S.S.G. § 5G1.3(b) or (c), and to defendant's request that his federal sentence run concurrently to his State sentence." The waiver of appeal provision did not include a reference to this aspect of Brown's sentence.

At the plea proceeding, pursuant to Fed. R.Crim.P. 11, Judge Peck ascertained that Brown understood the nature of the charges against him and his potential sentencing exposure. Judge Peck also advised Brown of the constitutional rights that he would be waiving by pleading guilty and ascertained that he was pleading guilty knowingly and voluntarily. With respect to Brown's waiver of his right to appeal, Judge Peck asked: "Do you understand that pursuant to your plea agreement, . . . you have agreed not to appeal or otherwise litigate from any sentence within or below the stipulated guideline range?"—to which Brown responded in the affirmative. The court then acknowledged that Brown was reserving his right to request a concurrent sentence from Judge Stein.

Following Brown's guilty plea, the Probation Office prepared a Presentence Investigation Report ("PSR") which mirrored the Guidelines calculation set forth in the plea agreement. In his letter in response to the PSR, and again at the sentencing hearing before Judge Stein, Brown conceded that the 1995 Offense was "not part of the Westchester Avenue Crew conspiracy," and that the sentence imposed for this offense was "a separate and distinct 3½ to 7 year sentence" from that imposed for the 1996 Offense. He nevertheless argued that the court should order the federal sentence to run concurrently with the sentence imposed for the 1996 Offense, with credit for time served, under U.S.S.G. § 5G1.3(b) because the offenses were combined for sentencing purposes and the state had imposed concurrent sentences.

The district court disagreed. Because only one of the offenses giving rise to the undischarged term of imprisonment had been "fully taken into account in the determination of the [federal] offense level," Judge Stein held that the court had discretion with respect to the concurrence of the terms pursuant to U.S.S.G. § 5G1.3(c). Accordingly, the district court imposed the federal sentence to run concurrent to Brown's two undischarged state terms, but without crediting Brown for time already served. Brown was sentenced to 144 months' imprisonment, plus one year of supervised release, and was required to pay a special assessment of $250.

Brown now appeals.

## DISCUSSION

Brown maintains that the district court erred by applying U.S.S.G. § 5G1.3 subsection (c), rather than subsection (b), because: (1) Brown's 1995 Offense was "arguably related" to the federal offense charged and thus should have been taken into account in determining the offense

level; and (2) subsection (c) applies only to situations in which the defendant is serving sentences that were imposed on different dates or are of varying durations. We disagree.

## I. *Waiver of Right to Appeal*

█ As a threshold matter, we find that, as to his first argument, Brown waived his right to appeal. In his plea agreement, Brown stipulated that, for purposes of calculating his Guideline range, the 1995 Offense was *not* conduct related to the federal offense and, therefore, would only be taken into account in establishing his criminal history points. In his letter challenging the PSR, and again at the sentencing hearing, Brown admitted that the 1995 Offense was "not part of the Westchester Avenue Crew conspiracy." Judge Stein confirmed Brown's acceptance of the Guidelines calculation set forth in the plea agreement and found that Brown's waiver of his right to appeal in this regard was knowing and voluntary. *See United States v. Tang*, 214 F.3d 365, 367 (2d Cir.2000) (citing *United States v. Ready*, 82 F.3d 551, 557 (2d Cir.1996) (waiver of right to appeal sentence in a plea agreement will be enforced if district court made findings on the record that it was knowing and voluntary)). We therefore decline to consider this argument on appeal.

█ Brown has not, however, waived his right to appeal on the basis of his second argument because his waiver did not encompass his right to appeal the district court's application of U.S.S.G. § 5G1.3. *See United States v. Velasquez*, 136 F.3d 921, 923 n. 1 (2d Cir.1998) (*per curiam*) (waiver of right to appeal sentence within stipulated guidelines range in plea agreement did not encompass challenge to imposition of sentence to run consecutively, rather than concurrently, with undischarged state term of imprisonment); *Ready*, 82 F.3d at 556 (waiver of right to appeal in plea agreement is to be narrowly construed).

## II. *Application of U.S.S.G. § 5G1.3*

█ We review a district court's interpretation of the Guidelines *de novo*. *See United States v. Suleiman*, 208 F.3d 32, 39 (2d Cir.2000).

The relevant portions of U.S.S.G. § 5G1.3 provide:

(b) If . . . the undischarged term of imprisonment resulted from *offense(s) that have been fully taken into account in the determination of the offense level for the instant offense*, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment. (emphasis supplied).

(c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

With respect to subsection (c), Application Note 5 states:

Occasionally, the court may be faced with a complex case in which a defendant may be subject to *multiple undischarged terms of imprisonment that seemingly call for the application of different rules*. In such a case, the court may exercise its discretion in accordance with subsection (c) to fashion a sentence of appropriate length and structure it to run in any appropriate manner to achieve a reasonable punishment for the instant offense. (emphasis supplied).

We conclude that the district court properly applied U.S.S.G. § 5G1.3(c) in sentencing Brown. Contrary to Brown's assertion, he is *not* serving one sentence below. He is serving two sentences, albeit concurrently, for two separate crimes, committed over one year apart. The fact that they happened to have been consolidated for sentencing purposes is irrelevant.

The parties agree that, were Brown only serving the sentence for the 1996 Offense (the offense that has "been fully taken into

account in the determination of the offense level for the instant offense"), then subsection (b) would apply, and the federal sentence would be imposed to run concurrently, with credit for time already served. The parties likewise agree that if Brown were only serving a sentence for the 1995 Offense, subsection (c) would apply. Therefore, Brown is currently "subject to multiple undischarged terms of imprisonment that seemingly call for the application of different rules," within the meaning of Application Note 5. Again, the fact that there is effectively only one undischarged term of imprisonment as a result of the state sentences running concurrently, is nothing but a fortuitous circumstance that should not affect the outcome here.

█ Even if we were to assume, *arguendo*, that Brown's two concurrent state sentences constitute one "undischarged *term* of imprisonment" within the meaning of subsection (b), that term did *not* "result[ ] from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense." Only one of the offenses has been fully taken into account in determining Brown's federal offense level.

In addition to the above textual reasons, Brown's argument fails on policy grounds. If Brown's interpretation of subsection (b) were correct, a defendant who was serving an undischarged term of imprisonment for committing only the 1995 Offense would serve more time in jail after committing the federal offense than would a defendant who had committed *both* the 1995 Offense *and* the 1996 Offense.

Accordingly, we find that the district court properly applied U.S.S.G. § 5G1.3(c) and imposed Brown's federal sentence to run concurrently with the undischarged state term of imprisonment, without credit for time served. This decision is in line with those decisions of our sister circuits that have considered similar issues. *See United States v. Caraballo*, 200 F.3d 20, 24–29 (1st Cir.1999); *United States v.* *Kimble*, 107 F.3d 712, 714–15 (9th Cir. 1997).

## CONCLUSION

We have considered Brown's remaining contentions and find them to be without merit. We therefore AFFIRM the judgment entered in the district court.