**UNITED STATES of America, Appellant,**

v.

**Allen RIVERS, Jr., also known as Chachi, Defendant–Appellee.**

**Docket No. 01–1653.**

United States Court of Appeals, Second Circuit.

Argued: Oct. 11, 2002.

Decided: May 8, 2003.

---

**120**

Barbara D. Cottrell, Assistant United States Attorney (Joseph A. Pavone, United States Attorney for the Northern District of New York, Barbara D. Cottrell, Assistant United States Attorney, on the brief), Albany, New York, for Appellant.

Thomas J. O'Hern, Gerstenzang, O'Hern, Hickey & Gerstenzang, Albany, New York, for Defendant–Appellee.

Before: OAKES, STRAUB, Circuit Judges, and TRAGER, District Judge.*

TRAGER, District Judge.

■ The government appeals from a judgment and sentence of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*). The government argues that the district court did not have the authority to adjust the statute-based mandatory minimum sentence imposed on the defendant, Allen Rivers, Jr., ("Rivers") to reflect the time he previously served in an undischarged state sentence. At issue is whether, or to what extent, U.S.S.G. § 5G1.3(b) applies to statute-based mandatory minimum sentences. We review questions of law and the district court's legal interpretation and application of the Sentencing Guidelines *de novo. See United States v. Coriaty*, 300 F.3d 244, 249 (2d Cir.2002).

## BACKGROUND

As part of an investigation targeting distributors of crack cocaine in and around Troy, New York, undercover agents from the Drug Enforcement Administration made two purchases of crack cocaine from Rivers: 5.3 grams on Jan. 10, 2000, and 6.0 grams on March 13, 2000. On June 21, 2000, a federal grand jury in Albany, New York, returned a two-count indictment for distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). On August 2, 2000, a federal grand jury returned a superseding indictment based on the same transactions. The superseding indictment specified that each distribution involved an amount over five grams of crack cocaine.

Earlier, on May 24, 2000, Rivers was arrested by the Troy Police Department for selling .07 grams of crack. Rivers also had a separate pending felony charge for possessing $500 in counterfeit United States currency. On July 14, 2000, Rivers pled guilty in New York State court to the crack and counterfeit charges, and he was sentenced in state court to concurrent prison terms of 18 to 54 months.

Pursuant to a written plea agreement, Rivers pled guilty in federal court on June 26, 2001, to the second count of the superseding indictment. According to the presentence report, Rivers' applicable adjusted offense level was 23 (a base level offense of 26, minus 3 levels for acceptance of responsibility). The adjusted offense level combined with Rivers' Criminal History Category of III resulted in an applicable guidelines range of 57 to 71 months imprisonment. However, under 21 U.S.C.

* The Honorable David G. Trager, of the United States District Court for the Eastern District of New York, sitting by designation.

§ 841(b)(1)(B), Rivers was required to "be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years." Pursuant to U.S.S.G. § 5G1.1(c), the statutory minimum becomes the bottom of the guidelines range. Accordingly, River's guidelines range became 60 to 71 months.

The district court found that a 64–month sentence was appropriate, and ordered that the sentence be served concurrently with the state sentence. Additionally, the district court, *sua sponte* and over the government's objections, adjusted Rivers' sentence pursuant to U.S.S.G. § 5G1.3(b) by deducting the 18 months Rivers had served in state prison—leaving Rivers with a total of 46 months remaining to complete his sentence.

## DISCUSSION

█ Section 5G1.3 of the Sentencing Guidelines deals with sentencing a defendant who is already subject to an undischarged term of imprisonment. Subsection (b) requires that, unless subsection (a) is applicable,

> [i]f . . . the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run

concurrently to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3 (2002). Application Note 2 to U.S.S.G. § 5G1.3 adds that, as part of making the sentence concurrent under subsection (b), "the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense . . . ."[1]

As the Supreme Court explained in *Witte v. United States*, the purpose of U.S.S.G. § 5G1.3 in general, and subsection (b) in particular, was to

> attempt to achieve some coordination of sentences imposed . . . with an eye toward having such punishments approximate the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time (i.e., had all of the offenses been prosecuted in a single proceeding).

515 U.S. 389, 404–05, 115 S.Ct. 2199, 2208, 132 L.Ed.2d 351 (1995).

On appeal, the government does not contest[2] that had Rivers' 60–month minimum been based solely on the guidelines calculations, then Rivers' sentencing scenario would fall squarely within subsection (b). Under that scenario, the district court would be required to adjust the sentence

---

1. Application Note 2 applies where the Bureau of Prisons (the "BOP") will not otherwise credit the defendant with the time served on the undischarged sentence. *See* U.S.S.G. § 5G1.3, cmt. n. 2. The government incorrectly argues that the district court's assumption that the BOP would not credit Rivers for the time already served was mere speculation. Rivers can not be credited by the BOP for the time served under the state sentence because that time has already been "credited against another sentence"—specifically, the state drug and counterfeit sentences. 18 U.S.C. § 3585(b); *see United States v. Labeille–Soto*, 163 F.3d 93, 99 (2d Cir.1998).

2. An issue not addressed by the parties—and, as such, not before us on appeal—is whether U.S.S.G. § 5G1.3(b) is applicable to Rivers' undischarged state sentence on his separate counterfeit conviction. For subsection (b) to apply, the prior conduct must "have been fully taken into account in the determination of the offense level." U.S.S.G. § 5G1.3(b); *see United States v. Brown*, 232 F.3d 44, 49 (2d Cir.2000) (finding that district court correctly did not apply subsection (b) where undischarged state sentence for unrelated drug conviction was "not fully taken into account").

to account for the time he served in state prison. *See United States v. Williams,* 260 F.3d 160, 166 (2d Cir.2001) (holding that district court is obligated to apply U.S.S.G. § 5G1.3(b) where plea agreement is silent on how sentence interacts with prior undischarged state sentence).

■ However, the government argues that, because Rivers' minimum sentence is set by 21 U.S.C. § 841(b)(1)(B), the district court was not authorized under U.S.S.G. § 5G1.3 to adjust the sentence, and that any adjustment for time served would result in a sentence lacking the mandatory minimum prescribed by the statute. The government claims that only the statutory exceptions under 18 U.S.C. § 3553(e) (substantial assistance) and § 3553(f) (safety valve) would allow the district court to impose a lesser penalty; Rivers qualified for neither.

Several circuits have reviewed this question, and each of them has rejected the government's position as "exalt[ing] form over substance." *United States v. Ross,* 219 F.3d 592, 594 (7th Cir.2000); *see United States v. Dorsey,* 166 F.3d 558, 564 (3d Cir.1999); *United States v. Drake,* 49 F.3d 1438, 1440–41 (9th Cir.1995); *Kiefer,* 20 F.3d 874, 876–77 (8th Cir.1994). We agree.

As the district court correctly noted, the adjustment under U.S.S.G. § 5G1.3(b) was not a departure from the guidelines range. *See United States v. Fermin,* 252 F.3d 102, 107 n. 8. (2d Cir.2001) (quoting U.S.S.G. § 5G1.3, cmt. n. 2). Nor is an adjustment, in the technical sense, a credit against the minimum sentence because that authority would be—at least initially—solely within the purview of the BOP. *See* 18 U.S.C. § 3585(b); *United States v. Wilson,* 503 U.S. 329, 334–35, 112 S.Ct. 1351, 1354–55, 117 L.Ed.2d 593 (1992); *Labeille–Soto,* 163 F.3d at 99 (credit under 18 U.S.C. § 3585(b) "is granted by the Attorney General through the Bureau of Prisons") (internal quotation marks omitted).

Nonetheless, the effect of an adjustment is similar to that of a credit. In that sense, the adjustment is no less proscribed by the statutory minimum than where the prisoner is credited by the BOP for time already served. *See United States v. Kiefer,* 20 F.3d at 876. So long as the total period of incarceration, after the adjustment, is equal or greater than the statutory minimum, the statutory dictate has been observed and its purpose accomplished.

Here, Rivers was sentenced to an aggregate period of 64 months, above the minimum sentence mandated by 21 U.S.C. § 841(b)(1)(B). At the end of the day, the resulting adjusted sentence the district court imposed for the totality of the conduct amounts to the sentence intended by the statute.

The government attempts to distinguish the above-cited circuit cases, in that the statute at issue in those cases is different from the statute involved here. Those cases involve statutory minimum sentences pursuant to the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(1), which states that the offender "shall be ... *imprisoned* not less than fifteen years ...." *Id.* (emphasis added). In contrast, the statute here requires that the offender "be *sentenced* to a term of imprisonment which may not be less than 5 years." 21 U.S.C. § 841(b)(1)(B) (emphasis added).

This linguistic variance is a distinction without a difference. "[W]hen Congress intended that the statutory mandatory minimums not be affected by the requirements of concurrent sentencing, it made its intent quite clear." *Drake,* 49 F.3d at 1441 n. 5 (citing 18 U.S.C. § 924(c)(1)). The adjustments under U.S.S.G. § 5G1.3(b) are "derivative" of the concur-

rent sentencing scheme. *United States v. Ramirez,* 252 F.3d 516, 519 (1st Cir.2001) (finding it unnecessary to reach the question whether U.S.S.G. § 5G1.3(b) applies to statutory minimums because the state sentence had already been discharged). A rule that, without any underlying rationale or congressional direction, would disallow adjustments for some statutes while allowing them for others, "would frustrate the concurrent sentencing principles mandated by other statutes." *Kiefer,* 20 F.3d at 877.

### CONCLUSION

Accordingly, we find that the district court correctly adjusted Rivers' sentence to reflect the time served in the undischarged state sentence. The district court's sentence is AFFIRMED.