**UNITED STATES of America, Appellant,**

v.

**Daniel J. ANDERSON and Chad A. Gillette, Defendants,**

**Christopher J. Kane, also known as Christopher J. Davies, Defendant–Appellee.**

No. 03–1338.

United States Court of Appeals, Second Circuit.

Jan. 26, 2004.

Elizabeth R. Riker, Assistant United States Attorney (Richard R. Southwick, Assistant United States Attorney, of counsel; Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief), United States Attorney's Office for the Northern District of New York, Syracuse, NY, for Appellant.

James F. Greenwald, Assistant Federal Public Defender (Melissa A. Tuohey, Assistant Federal Public Defender, of counsel; Alexander Bunin, Federal Public Defender, on the brief), Office of the Federal Public Defender, Syracuse, NY, for Appellee.

PRESENT: LEVAL, CABRANES, Circuit Judges and GARAUFIS,\* District Judge.

## SUMMARY ORDER

The government appeals from a judgment of conviction entered by the United States District Court for the Northern District of New York against defendant-appellee Christopher J. Kane ("defendant") on May 8, 2003, following a guilty plea on one count of stealing firearms from a federally-licensed firearms dealer in violation of 18 U.S.C. § 922(u). The Government claims that the District Court erred in sentencing defendant when it credited him with 22 months he had already served on three undischarged, concurrent state sentences, only one of which was related to the offense to which he pleaded guilty in federal court. We agree.

---

\* The Honorable Nicholas G. Garaufis, of the United States District Court for the Eastern District of New York, sitting by designation.

## I.  Background

Defendant's conviction in this case arose out of an incident on June 25, 2001, in which he and several accomplices stole firearms from My Place Trading Post, a federally-licensed firearms dealer in Waterville, New York, and then attempted to sell the firearms in Syracuse.

At the time that defendant was sentenced in this case, on April 25, 2003, he was also serving a sentence arising from three prior state convictions, running concurrently.  Two were convictions arising respectively, from his burglary of a clothing store in June 2000 and his burglary of an elementary school in June 2001.  The third was a conviction for third degree criminal possession of a weapon, based on his possession of a stolen firearm in Syracuse on June 25, 2001, during the same episode that gave rise to the federal charges.  Defendant had already served 22 months of his state sentences at the time he appeared before the District Court for sentencing.  The District Court credited these 22 months to the 120-month sentence otherwise prescribed by the Guidelines, and sentenced defendant primarily to a term of imprisonment of 98 months, to be served concurrently with his state sentences.  The District Court explained that defendant was "credited pursuant to Section 5G1.3(b) of the Sentencing Guidelines with 22 months already served in state custody for related conduct."

The government appeals, arguing that neither U.S.S.G. § 5G1.3(b), which the District Court invoked, nor any other Guidelines provision or statute, authorized the District Court to credit defendant with the 22 months served on defendant's three state sentences, only one of which was related to the conduct underlying the federal conviction.

## II.  Discussion

We review a district court's interpretation and application of the Sentencing Guidelines *de novo* and its factual findings for clear error.  *United States v. Maaraki,* 328 F.3d 73, 75 (2d Cir.2003).

Section 5G1.3, in addressing whether a federal sentence should run consecutively or concurrently with another undischarged sentence, describes three distinct situations.  At the time of defendant's sentencing section 5G1.3 provided:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

> (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

> (c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

The parties do not dispute that subsection (a) does not apply in this case.

The District Court invoked subsection (b) in crediting defendant with 22 months served on his undischarged state sentences.  At the time defendant was sen-

tenced, Application Note 2 to section 5G1.3 stated that, in cases falling under subsection (b), the sentencing court should deduct from a defendant's federal sentence any time already served as a result of "conduct already taken into account" in determining the guideline range for the federal offense:

Adjusted concurrent sentence-subsection (b) cases. When a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons....

We have expressly held that Application Note 2 to section 5G1.3, by its own terms, allows the crediting of time served only in cases falling under subsection (b), and not in cases under subsection (c). See United States v. Fermin, 252 F.3d 102, 109 (2d Cir.2001) ("[Subsection (c)] provides considerable latitude to the sentencing court to fashion a consecutive, partially concurrent, or concurrent sentence as to the remaining portion of the preexisting sentence, but does not authorize a 'credit' or reduction for time already served.").

The District Court found this case governed by subsection (b), apparently because defendant was serving three undischarged, concurrent sentences, one of which—illegal possession of a weapon—was arguably related to his federal offense. That is, defendant was convicted in state court of illegally possessing a firearm, which, it happens, he had stolen earlier in the day from a federally-licensed firearm dealer. Even if the conduct underlying defendant's criminal possession conviction in state court had been "fully taken into account" in determining the offense level

for his federal crime, defendant at the time of his federal sentencing was also serving two state concurrent sentences arising from burglaries that were completely unrelated to his federal offense. While these two burglary convictions added criminal history points to defendant's sentencing calculation, they were not thereby "fully taken into account" in calculating his federal sentence. See United States v. Garcia–Hernandez, 237 F.3d 105, 108–09 (2d Cir.2000) (noting that where "prior convictions play a role solely in a defendant's criminal history calculation, [they] do not affect the defendant's offense level").

The parties agree that, under these circumstances, the District Court erred in finding that this case falls under subsection (b), rather than subsection (c). In United States v. Brown, 232 F.3d 44, 48–49 (2d Cir.2000), we held that subsection (c), and not subsection (b), applies to a defendant who, at the time of sentencing in federal court, is serving two sentences for state crimes, one of which was "not fully taken into account in the determination of the offense level" for the federal offense. We explained that the alternative–allowing such a defendant to fall under section 5G1.3(b) and be eligible for mandatory concurrent sentences–would create the bizarre result of making an offender better off for having two undischarged state sentences rather than one. 232 F.3d at 49.

■ The District Court therefore erred in applying subsection (b) at defendant's sentencing Defendant argues that the error was harmless because the District Court had the discretion to reach the same result by making a downward departure. U.S.S.G. § 5K2.0 provided at the time of defendant's sentencing that "the sentencing court may impose a sentence outside the range established by the applicable guidelines, if the court finds 'that there exists an aggravating or mitigating circum-

stance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" U.S.S.G. § 5K2.0 (quoting 18 U.S.C. § 3553(b)). Additionally, the commentary following Section 5G1.3 now provides, effective November 1, 2003, that "in an extraordinary case involving an undischarged term of imprisonment under subsection (c), it may be appropriate for a court to downwardly depart." U.S.S.G. § 5G1.3, comment. (n.3(E)). The commentary explains that such a departure may be appropriate, for example, "in a case in which the defendant has served a very substantial period of imprisonment on an undischarged term of imprisonment that resulted from conduct only partially within the relevant conduct for the instant offense." *Id.*

The District Court did not downwardly depart in sentencing defendant, but rather "credited" him, purportedly pursuant to Section 5G1.3(b), with time he already served. It was error for the Court to do so, and, in the absence of findings supporting a downward departure, we cannot say that such error was harmless. On remand for resentencing the District Court shall consider whether a downward departure is appropriate in this case.

\* \* \* \* \* \*

For the reasons stated above, the judgment of the District Court is hereby VACATED insofar as the sentence is concerned, and the case is REMANDED for resentencing consistent with this opinion.