**UNITED STATES OF AMERICA,**

v.

**Renames ARROYO, Defendant.**

**No. 00 CR237VM.**

United States District Court,
S.D. New York.

July 6, 2004.

Aitan D. Goelman, Assistant United States Attorney, Mary Jo White, United States Attorney Criminal Division, New York City, for Plaintiff.

## DECISION AND ORDER

MARRERO, District Judge.

### I. BACKGROUND

Defendant Renames Arroyo ("Arroyo") pled guilty pursuant to a plea agreement to three counts of using a telephone in connection with a narcotics offense in violation of 21 U.S.C. § 843(b). On July 20, 2001, this Court sentenced Arroyo to a term of incarceration of 144 months, which was the stipulated sentence under the plea agreement and the guidelines sentence recommended in Arroyo's pre-sentence report. At the time of his sentencing, Arroyo was serving a New York State sentence of two to four years incarceration for an unrelated charge of criminal possession of a weapon in the third degree. Although Arroyo was transferred from state to federal custody on May 21, 2000, he continued to receive credit for his state sentence at all times until his state sentence terminated with his parole on January 8, 2002. Arroyo's federal sentence was imposed to run concurrently with the undischarged portion of his state sentence pursuant to section 5G1.3(c) of the United States Sentencing Guidelines.

By letter dated May 20, 2004, Arroyo seeks credit for the 15 months he served in pre-sentence federal detention and requests that the Court issue an amended judgment under Federal Rule of Criminal Procedure 36 to reduce his sentence to 129 months on those grounds. By letter dated June 23, 2004, the Government opposes Arroyo's request.

### II. DISCUSSION

In support of his request, Arroyo relies upon subsection (c) of section 5G1.3 of the United States Sentencing Guidelines (" § 5G1.3"), which is a policy statement that provides the sentencing court with broad discretion to impose a sentence on a defendant that is subject to an undischarged term of imprisonment to run concurrently, partially concurrently, or consecutive to the undischarged term. See U.S.S.G. § 5G1.3(c). Contrary to Arroyo's contention, it was not the Court's intention to grant him the 15 months credit he now seeks because he was already receiving credit for this time toward his state sentence. Rather, the Court intended that his federal sentence, imposed on July 20, 2001, run concurrently with the undischarged portion of his state sentence. The record is clear (and Arroyo does not dispute) that Arroyo did in fact receive the benefit of serving his two sentences concurrently as of this date, and thus, the Court's intention was realized.

Arroyo's request, in essence, would grant him credit for both the undischarged *and* discharged portions of his state sen-

tence—a result that the Court never intended. Indeed, Arroyo's attempts to obtain this credit directly from the Bureau of Prisons ("BOP") failed because under federal law, the BOP is precluded from granting credit for time in pre-sentence detention that has already been credited against another sentence. *See* 18 U.S.C. § 3585(b). The Court rejects Arroyo's request to "double-dip" and receive credit for both his state and federal sentences prior to the date that the federal sentence was imposed.

The Court agrees with the Government that Arroyo's reliance on Application Note 2 of § 5G1.3 is misplaced because that provision, which states that a court's sentence should be adjusted to account for time already served, is inapplicable to this case. As the plain language of Application Note 2 makes clear, it applies only to subsection (b) of § 5G1.3. Subsection (b) governs situations where "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, ..." U.S.S.G. § 5G1.3(b). The record is clear that Arroyo's state offense was not considered in the determination of his offense level for federal sentencing purposes, nor does Arroyo so allege. Thus, this case is governed by the "catch-all" provision of subsection (c), to which Application Note 2 does not apply.[1] *See United States v. Fermin*, 252 F.3d 102, 108–09 (2d Cir. 2001).

In *Fermin*, the Second Circuit rejected the defendant's request for credit toward his federal sentence for time served on a state parole violation and held that "subsection (c) does not permit courts to reduce a defendant's sentence below the guidelines range for time already served

on a different sentence, and does not import the 'credit' approach of Application Note 2 to subsection (b)." *Id.* at 109–10. Accordingly, Arroyo has no basis to seek this credit.

### III.  *ORDER*

For the foregoing reasons, it his hereby

**ORDERED** that the request of defendant Renames Arroyo for an amended judgment to reduce his sentence from 144 to 129 months to credit him for time served in pre-sentence detention is DENIED.

**SO ORDERED.**

---

1. For the same reasons, the case of *United States v. Rivers*, 329 F.3d 119 (2d Cir.2003), which Arroyo cites, is inapposite because that case dealt only with subsection (b) of § 5G1.3.