UNITED STATES of America,
Appellee,

v.

Christopher DAY, Defendant–Appellant.

No. 05–4283–cr.

United States Court of Appeals,
Second Circuit.

Oct. 10, 2006.

Norman Trabulus, Garden City, NY, for Defendant–Appellant.

Burton T. Ryan, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, on the brief) for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, for Apellee.

Present: GUIDO CALABRESI, BARRINGTON D. PARKER, Circuit Judges, and GERARD E. LYNCH, District Judge.\*

## SUMMARY ORDER

Defendant–Appellant Christopher Day, who pled guilty to two counts of drug-related charges, appeals from the final judgment of the United States District Court for the Eastern District of New York (Platt, *J.*). The District Court sentenced Day to 180 months imprisonment, the combined total of the statutory minimum sentence for each count, and to five years of supervised released. On appeal, Day argues that the District Court erred in (1) misreading the relevant statute to require that the mandatory minimum sentence it imposed for each count be served consecutively and sentencing him on the basis of that misapprehension, and (2) not making findings in support of its decision that Day did not qualify for safety valve relief. We assume the parties' familiarity with the facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.

The first count to which Day pled guilty imposed a statutory minimum sentence of ten years, under 21 U.S.C. § 841(b)(1)(A). The second imposed a statutory minimum sentence of five years, under 21 U.S.C. § 841(b)(1)(B). The Government concedes that when an individual is convicted of multiple counts, each of which mandates a minimum sentence, those sentences can be served concurrently unless the statutory provision imposing the mandatory minimum sentence for a particular count expressly requires that the sentence for that count be served consecutively to any other sentence. This concession is consistent with our observation in *United States v. Rivers*, 329 F.3d 119, 122 (2d Cir.2003), that "[W]hen Congress intended that the statutory mandatory minimums not be affected by the requirements of concurrent sentencing, it made its intent quite clear." *Id.* (quoting *United States v. Drake*, 49 F.3d 1438, 1441 n. 5 (9th Cir.1995)) (internal quotation marks omitted; alteration in original). Section 841(b), unlike other statutes, does not require that the sentences it mandates be served consecutively to other sentences. *Cf.* 18 U.S.C. § 924(c)(1)(D)(ii) ("[N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any

\* The Honorable Gerard E. Lynch, of the United States District Court for the Southern District of New York, sitting by designation.

other term of imprisonment imposed on the person . . . .").

The Presentence Investigation Report ("PSR"), however, erroneously concluded that the minimum term of imprisonment required by section 841(b) for Day's conviction on the two counts was 180 months, the sum of the 120–month mandatory minimum sentence for the first count and the 60–month mandatory minimum sentence for the second count. The district court, presumably relying on the PSR, also concluded that 180 months was the minimum sentence that it could impose under the statute. It is impossible to determine from the record whether the district judge would have imposed the same sentence if he had not misapprehended the law. Accordingly, the district court's erroneous interpretation of the statute requires that the sentence be vacated and the case be remanded for resentencing. *See United States v. Montez–Gaviria,* 163 F.3d 697, 703 (2d Cir.1998). The government concedes that this is the proper course of action in light of the district court's error.

Even when the statute under which an individual is convicted imposes a mandatory minimum sentence, the defendant can receive a sentence below that minimum if he qualifies for safety valve relief. *See United States v. Jeffers,* 329 F.3d 94, 97 (2d Cir.2003) (citing 18 U.S.C. § 3553(f)). A sentencing court may not rely solely on the government's determination of whether a defendant qualifies for safety valve relief. Rather, the court must make its own determination based on the record. *See United States v. Gambino,* 106 F.3d 1105, 1110 (2d Cir.1997). The district court, by sentencing Day to what it erroneously understood to be the statutorily required mandatory minimum sentence, clearly concluded that Day did not qualify for safety valve relief. But, as the government conceded at oral argument, the dis-

trict court made no independent findings in support of its conclusion. *Cf. United States v. Smith,* 174 F.3d 52, 57 (2d Cir. 1999). Accordingly, on remand, the district court must make specific findings as to whether Day met his burden of proving that he satisfied the safety valve criteria. *See Jeffers,* 329 F.3d at 96; *Gambino,* 106 F.3d at 1110.

Day argues that, before the district court resentences him, he should be permitted to make further proffers in order to demonstrate that he meets the fifth criteria of the safety valve provision, described in 18 U.S.C. § 3553(f)(5) ("[N]ot later than the time of the sentencing hearing, the defendant [must have] truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ."). Our court has not yet addressed the issue of whether a defendant who is granted a resentencing as a result of a district court's failure to make findings with respect to whether he satisfies the safety valve criteria is entitled to make further proffers, in addition to those he submitted prior to his original sentencing, in advance of the resentencing hearing. We need not, however, answer this open question today because upon resentencing the district court may either (1) grant safety valve relief, or (2) allow Day to make a further proffer and determine that he still does not qualify for safety relief. In either eventuality, our answer to the question would be irrelevant. The issue, therefore, is not squarely presented to us and we decline to resolve it at this time.

In light of our conclusion that Day's sentence must be vacated and the case remanded for resentencing for the reasons set forth above, we do not reach the defendant's alternate contention that resentencing is required due to the District Court's

failure to verify that Day and his counsel had read and discussed the PSR.

We VACATE the sentence and REMAND for resentencing.