**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4222**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

GARY ALAN RINEHULTS,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:06-cr-00078-HEH)

Argued:  January 30, 2008              Decided:  March 5, 2008

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**ARGUED:** Robert James Wagner, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.  Elizabeth Catherine Wu, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.  **ON BRIEF:** Michael S. Nachmanoff, Federal Public Defender, Alexandria, Virginia, Charles D. Lewis, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, Sapna Mirchandani, Research and Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The main question presented by this appeal is whether waiver of the right to appeal any sentence within the statutory maximum on the grounds set forth in 18 U.S.C. § 3742 also waives the right to appeal the determination under U.S.S.G. § 5G1.3 with respect to when a new sentence begins to run for a defendant serving an undischarged term of imprisonment. Gary Alan Rinehults, who is serving a state sentence, contends that the district court erred in imposing his federal sentence to run partially concurrently under § 5G1.3(c) rather than wholly concurrently under § 5G1.3(b). We conclude that because 18 U.S.C. § 3742(a)(2) provides the right to appeal a sentence "imposed as a result of an incorrect application of the sentencing guidelines," a waiver of appeal rights under 18 U.S.C. § 3742 waives the right to appeal a determination under U.S.S.G. § 5G1.3 as to when a sentence begins to run in relation to an undischarged term.

I.

The parties stipulated to the following facts. In October of 2004 Rinehults's adopted minor daughter told investigators from the Hanover County, Virginia, Sheriff's Office that Rinehults had regularly sexually abused her, beginning in September of 2000 and continuing through October of 2004. The daughter also reported that she had seen images of naked young

3

people on a computer in their home. Based on this information, law enforcement officers obtained a search warrant and executed it at the Rinehults's residence on October 29, 2004. They seized two laptop computers, one desktop computer, thirty-nine computer diskettes, one audiotape, and ten computer discs. Investigators found on one of the computers a large number of still and moving images depicting apparent child pornography. Many of the children depicted were prepubescent.

On April 15, 2005, Rinehults pled guilty in the Circuit Court of Hanover County to sodomy, rape, aggravated sexual battery, animate object sexual penetration, and misdemeanor sexual battery involving his adopted daughter. He was sentenced to approximately sixteen years of prison time. At his state sentencing hearing, Rinehults admitted that the images of child pornography that he had viewed "came into [his] mind" at the time when he began to sexually abuse his daughter.

On March 7, 2006, a federal grand jury charged Rinehults with knowingly receiving an image of child pornography involving an actual child in violation of 18 U.S.C. § 2252A(a)(2)(B) (count 1) and with knowingly possessing an image of child pornography depicting an actual child in violation of 18 U.S.C. § 2252A(a)(5)(B) (count 2). Pursuant to a written plea agreement, Rinehults pled guilty to count 1, and the government agreed not to prosecute count 2. The parties also agreed that pursuant to

4

U.S.S.G. § 5G1.3, the court should impose a sentence of which 51 to 64 months should run concurrently with Rinehults's prior undischarged term of imprisonment for the sexual abuse of his daughter. In exchange for the concessions made by the government, Rinehults waived "the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever." J.A. 36 (emphasis added).

Rinehults's presentence investigation report (PSR) recommended a base offense level of seventeen pursuant to U.S.S.G. § 2G2.2(a) for his receipt of materials involving the sexual exploitation of a minor. Rinehults's base offense level was increased fourteen levels for various specific offense characteristics listed in § 2G2.2(b) that also relate to the sexual exploitation of a minor. Rinehults received a three-level reduction under § 3E1.1(a) and (b) for acceptance of responsibility. His total offense level was 28. The PSR counted Rinehults's state conviction for sexual abuse in placing him in criminal history category III. The offense level total of 28 and the criminal history category III yielded a guideline range of 97 to 121 months' imprisonment.

The PSR did not count the offenses underlying the prior conviction as relevant conduct to the instant offense and therefore

recommended that Rinehults's sentence be imposed under U.S.S.G. § 5G1.3(c).  Rinehults objected to this final recommendation, arguing that his sentence should be imposed under § 5G1.3(b)(2).

U.S.S.G. § 5G1.3 provides, in relevant part:

Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment

. . .

(b)  If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

(1)  the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2)  the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(c)  (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

At sentencing the district court overruled Rinehults's objection to the presentence report's recommended application of § 5G1.3(c), finding that the sexual abuse was not relevant conduct to the child

6

pornography offense because the two offenses involved different victims, different acts, and were not necessarily temporally related.

The government advised the court that the plea agreement's sentencing recommendation of a partially concurrent, partially consecutive sentence was designed to neutralize the five-level increase Rinehults received for the prior state conviction, thereby avoiding punishing him for the same behavior twice. The district court sentenced Rinehults according to the recommendations in the plea agreement, ordering 61 months of a 121-month sentence to be served concurrently with the prior state sentence and 60 months to be served consecutively. Rinehults appeals, arguing that the sexual abuse was relevant conduct to the federal offense and therefore his federal sentence should have been imposed to run concurrently with his undischarged state sentence. See U.S.S.G. § 5G1.3(b). The government argues that this appeal is precluded by the plea agreement and, in the alternative, that the sexual abuse crimes were not relevant conduct to the child pornography offense. Rinehults also contends that his sentence was illegal because, when combined with the state sentence, it exceeds the statutory maximum for the federal offense. The government argues that state sentences do not count towards federal statutory maximums.

7

II.

We must first determine whether in his plea agreement Rinehults waived his right to appeal the manner in which his sentence was imposed. Because we conclude that he did waive this right, we do not reach the relevant conduct question.

A defendant may make an express and unqualified waiver of the statutory right to appeal his sentence if the waiver is knowingly and voluntarily given. United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000). Rinehults does not challenge the validity of his appeal waiver; rather, he challenges its scope. Appealing whether a sentence is imposed concurrently or consecutively, Rinehults claims, is distinct from appealing the determination of the sentence itself.

As noted above, U.S.S.G. § 5G1.3(b) provides for a sentence to be imposed concurrently with an undischarged sentence if the prior offense involves relevant conduct to the instant conviction. Rinehults's claim is that the sexual abuse was relevant conduct to the federal offense, and as such, the district court erred in sentencing him under U.S.S.G. § 5G1.3(c) and imposing a partially consecutive sentence rather than sentencing him under § 5G1.3(b) and imposing a wholly concurrent sentence. Yet Rinehults waived his right to appeal on the grounds listed in 18 U.S.C. § 3742. Section 3742(a)(2) provides for an appeal if the sentence "was imposed as a result of an incorrect application of

8

the sentencing guidelines." Rinehults now wishes to appeal his sentence on that very ground. We therefore conclude that the clear terms of his plea agreement preclude his appeal.

In urging us to make a distinction between waiving an appeal of the length of a sentence and waiving an appeal of the method or timing of its implementation, Rinehults cites a line of cases from the Second Circuit that make such a distinction. See, e.g., United States v. Stearns, 479 F.3d 175, 178 (2d Cir. 2007); United States v. Williams, 260 F.3d 160, 164-65 (2d Cir. 2001); United States v. Brown, 232 F.3d 44, 48 (2d Cir. 2000); United States v. Velasquez, 136 F.3d 921, 923 n.1 (2d Cir. 1998) (per curium). The discussions of the plea agreements in these cases, however, do not reveal that those agreements included a waiver of the specific appeal right listed in 18 U.S.C. § 3742(a)(2). More to the point, those cases do not discuss the effect of a waiver under § 3742(a)(2) of the right to appeal a sentence "imposed as a result of an incorrect application of the sentencing guidelines." As a result, the Second Circuit cases are not sufficiently specific to assist Rinehults in his argument that he can appeal here on the ground that the district court incorrectly applied U.S.S.G. § 5G1.3. Again, that ground for appeal is plainly waived in the plea agreement.

Rinehults also argues that his plea agreement does not bar this appeal because the district court imposed half of the 121-

month sentence for the receipt of child pornography to run consecutively to the undischarged 16-year sentence for the state sexual abuse conviction; therefore, his "punishment for the related conduct exceeds the 20-year statutory maximum authorized under law" in 18 U.S.C. § 2252A(a)(2)(B). Appellant's Br. at 9. We find no support, and Rinehults cites none, for the proposition that a prior undischarged state sentence (in this case, for sexual abuse) counts against a federal statutory maximum for a separate crime (in this case, receipt of child pornography). We conclude that this proposition is meritless. Rinehults was sentenced within the statutory maximum, and his plea agreement bars an appeal of any sentence within that maximum.

Because Rinehults waived the right to appeal the application of the sentencing guidelines and a sentence imposed within the statutory maximum, his appeal is

DISMISSED.