SUMMARY ORDER
Robert E. Hewitt appeals a September 30, 2008, judgment of the district court sentencing him, after a plea of guilty, to a term of imprisonment of five years for his crime of arson in violation of 18 U.S.C. § 844(i). Hewitt argues that the district court should have applied Section 5G1.3(b) of the United States Sentencing Guidelines to adjust his sentence to give him credit for time he served on a Pennsylvania state-court conviction for assault. We as *686 sume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review.
Section 5G1.3(b) applies where, inter alia, “a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction” and was the basis for an increase in the defendant’s offense level under Chapter Three of the Guidelines. U.S.S.G. § 5G1.3(b); see also United States v. Rivers, 329 F.3d 119, 121 (2d Cir.2003). Hewitt argues that the assault underlying his Pennsylvania state-court conviction, against his then-girlfriend Melissa Brown, was committed in an attempt to deter Brown from turning him over to the police for the arson, and therefore, the district court erred in failing to increase his offense level for obstruction of justice under U.S.S.G. § 3C1.1, and accordingly erred in failing to adjust his sentence under U.S.S.G. § 5G1.3(b).
We review the district court’s factual determination for clear error. See United States v. Salim, 549 F.3d 67, 72, 75 (2d Cir.2008). As “the district court’s account of the evidence is plausible in light of the record viewed in its entirety,” this argument fails. Anderson v. City of Bessemer City, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). The district court concluded that Hewitt did not assault Brown in an attempt to obstruct justice. We do not agree with Hewitt that the district court’s conclusion was clearly erroneous, in light of the evidence that Hewitt’s vicious assault on Brown was part of an ongoing pattern in an abusive relationship marked with physical violence and extensive substance abuse, even before Brown threatened to contact the police. Brown’s statement that Hewitt assaulted her after she told him she planned to inform the police about the arson may permit an inference of a cause-and-effect relationship, but the district court was not required to draw that inference. See, e.g., In re CBI Holding Co., Inc., 529 F.3d 432, 450 (2d Cir.2008) (holding that “[i]n reviewing findings for clear error, [an appellate court is] not allowed to second guess ... the trial court’s ... choice between permissible competing inferences” (quotation marks omitted; alterations in original)).
Because we conclude that the district court did not err in declining to impose an obstruction of justice enhancement, and therefore, Section 5G1.3(b) did not apply, we do not reach the merits of the other issues raised by the parties on appeal. Accordingly, the judgment of the district court hereby is AFFIRMED.