09-3829-cr
United States v. Shyne

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand ten.

PRESENT: DENNIS JACOBS,
                     **Chief Judge**,
           REENA RAGGI,
                     **Circuit Judge**,
           JED S. RAKOFF,
                     **District Judge**.[*]

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

         **Appellee**,

         **-v.-**                                    09-3829-cr

DOUGLAS SHYNE,

         **Defendant-Appellant**,

---

[*] District Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

**NATASHA SINGH, CHRISTINE RICHARDSON, NATHANIEL SHYNE, TOYBE BENNETT, ROBERTO MONTGOMERY, EPHRAIM RICHARDSON, NARESH PITAMBAR, JASON WATLER, STEVEN RIDDICK, NATHANIEL ALEXANDER, TIMOTHY MONTGOMERY, ANTHONY PRINCE, MARION JONES,**

        **<u>Defendants</u>.**

- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**    James M. Branden, Law Office of James M. Branden, New York, NY.

**FOR APPELLEE:**    E. Danya Perry, Daniel W. Levy, and Katherine Polk Failla, Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York, United States Attorney's Office for the Southern District of New York, New York, NY.

    Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, <u>J.</u>).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal be **DISMISSED** in part and the judgment of the district court be **AFFIRMED** in part.

    Defendant-appellant Douglas Shyne appeals from the judgment of conviction entered by the United States District Court for the Southern District of New York (Karas, <u>J.</u>), principally sentencing him to 140 months of imprisonment and five years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

    On March 19, 2007, Shyne pleaded guilty to Counts One, Two, and Four through Fourteen of the operative indictment, collectively charging him with conspiracy to commit bank fraud, substantive bank fraud, and conspiracy to commit money laundering in relation to a fraudulent check scheme. The written plea agreement contained an appeal-waiver provision, under which Shyne agreed not to "file a direct appeal, nor litigate under 28 U.S.C. § 2255 and/or § 2241, any sentence within or below the Stipulated Guidelines Range

2

of 188 to 235 months' imprisonment." At the same time, it was further "agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation."

On appeal, Shyne contends that the appeal-waiver provision is unenforceable because in addition to the 140 months of imprisonment, he was also sentenced to five years of supervised release, payment of restitution, and payment of a special assessment. This argument falls on the plain language of the appeal-waiver provision: Shyne waived his right to appeal any term of imprisonment less than 235 months, while preserving his right to appeal any other component of the imposed sentence. See United States v. Oladimeji, 463 F.3d 152, 156-57 (2d Cir. 2006) (construing an appeal waiver to "give up any challenges to the lawfulness of [the] conviction and the determination of [the] prison sentence," but not to give up any challenges to the imposed restitution); United States v. Cunningham, 292 F.3d 115, 117 (2d Cir. 2002) (limiting an appeal waiver to the term of imprisonment and concluding that the defendant "did not waive his right to appeal the length of the supervised release term"). Because the appeal-waiver provision is thus enforceable with respect to the 140 months of imprisonment, Shyne's appeal challenging that portion of the sentence is dismissed.

In the district court, Shyne did not challenge the reasonableness of the five year term of supervised release. We therefore review for plain error and we find no error-- let alone any plain error. The district court carefully evaluated the relevant factors set forth in 18 U.S.C. § 3553(a) and thoroughly articulated the reasons for the imposed sentence. In view of Shyne's (i) three prior felony convictions, (ii) continuation of criminal conduct after his arrest, (iii) prior violations of previous terms of supervised release, and (iv) admission that he would be tempted to engage in future criminal conduct, the district court's imposition of a five year term of supervised release will evidently be needed to "assist [Shyne] in [his] transition to community life." See United States v. Johnson, 529 U.S. 53, 59 (2000). Further, we review for plain error Shyne's argument that the district court should have sentenced him to a shorter term of supervised release because it had departed downward in sentencing him to a term

3

of imprisonment shorter than that provided in the applicable Guidelines range, and we identify no such error here because a district court may reasonably "hedge" its imposition of a shorter term of imprisonment by imposing a longer term of supervised release. United States v. Rivera, 192 F.3d 81, 87-88 (2d Cir. 1999). We conclude that the five year term of supervised release was reasonable and therefore affirm the judgment of the district court with respect to that portion of the sentence.

We have considered all of Shyne's contentions on this appeal and have found them to be without merit. Accordingly, the appeal is **DISMISSED** in part and the judgment of the district court is **AFFIRMED** in part.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK