11-577-cr
United States v. Patt

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

Present:
        ROBERT A. KATZMANN,
        RICHARD C. WESLEY,
        PETER W. HALL,
                *Circuit Judges*,

UNITED STATES OF AMERICA,

                v.                                              No.  11-577-cr

LEWIS S. PATT, JR.,

        *Defendant-Appellant*.

For Defendant-Appellant:          SALLY WASSERMAN, New York, N.Y.

For Appellee:                     TIFFANY LEE (Stephan J. Baczynski, *on the brief*) Assistant United States Attorneys, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York.

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Lewis S. Patt, Jr. appeals a February 10, 2011 judgment of conviction entered by the United States District Court for the Western District of New York (Larimer, *J.*) following his guilty plea to two counts of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced Patt to, principally, concurrent terms of 120 months' imprisonment, to run consecutively with a 60 month New York state term of imprisonment Patt is currently serving on related charges. We presume the parties' familiarity with the facts and procedural history of this case.

"We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard." *United States v. Hernandez*, 604 F.3d 48, 52 (2d Cir. 2010). This review "encompasses two components: procedural review and substantive review." *United States* v. *Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). A district court "commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *Id.* at 190 (internal citations omitted). "We interpret plea agreements de novo in accordance with principles of contract law, looking to the parties' reasonable understanding of the agreement's terms and resolving any ambiguities in the defendant's favor." *United States* v. *Stearns,* 479 F.3d 175, 178 (2d Cir. 2007) (per curiam).

We turn first to Patt's contention that the district court miscalculated the applicable sentencing range under the United States Sentencing Guidelines (the "Guidelines range") by failing to adhere to U.S.S.G. § 5G1.1(a)'s guidance that "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(a). We conclude that an appeal waiver contained in Patt's plea agreement with the Government bars Patt from making this argument on appeal. In his plea agreement, Patt expressly waived his right to appeal "any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment [of 188 to 235 months], . . . notwithstanding the manner in which the Court determines the sentence." App. 75. A defendant's waiver of his right to appeal a sentence is presumptively enforceable, and ordinarily "preclude[s] this Court from correcting the errors alleged to have occurred below." *United States v. Buissereth*, 638 F.3d 114, 117 (2d Cir. 2011). Here, Patt argues that the appeal waiver does not preclude him from objecting to the district court's calculation of the Guidelines range because he is not disputing a "component of [the] sentence" but rather arguing that "the overall sentencing method was procedurally unreasonable." Appellant's Br. at 24. This is unconvincing. Patt is challenging a "component" of his sentence -- the term of imprisonment. *See United States v. Shyne*, 391 F. App'x 959, 961 (2d Cir. 2010) (summary order) (noting that the defendant "waived his right to appeal any term of imprisonment less than 235 months" but retained the right "to appeal any other component" of his sentence, such as the amount of restitution).

Moreover, on the merits, § 5G1.1 of the Guidelines -- entitled "Sentencing on a Single Count of Conviction" -- has no bearing on the calculation of the Guidelines range for a defendant

3

who, like Patt, is convicted on multiple counts. Instead, the Guideline provision that is relevant here is U.S.S.G. § 5G1.2, entitled "Sentencing on Multiple Counts of Conviction." This section instructs "the sentencing judge how, through the use of partially concurrent and partially consecutive sentences, to build a total sentence that meets the Guidelines' requirements" if the individual counts are subject to statutory maximum sentences that prevent the judge from imposing a Guidelines sentence with respect to any single count. *See Setser v. United States*, 132 S. Ct. 1463, 1472 n.5 (2012); *see also id.* at 1476 (Breyer, *J.*, dissenting). Accordingly, even if Patt had not waived his right to appeal his objection to the district court's calculation of the applicable Guidelines range, we would conclude that the objection is without merit.

Next, we consider Patt's argument that the district court procedurally erred in ordering Patt's federal and state sentences to run consecutively, allegedly in violation of U.S.S.G. § 5G1.3(b)'s guidance that, where "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level for the instant offense," the court "shall adjust the sentence for any period of imprisonment already served . . . and . . the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." Assuming *arguendo* that the district court's failure to expressly note its departure from § 5G1.3(b) on the record constitutes procedural error, we conclude that this error was harmless. In announcing its sentence, the district court offered a careful, extensive, and reasoned explanation as to how it had applied the statutory sentencing factors enumerated in 18 U.S.C. § 3553(a) to reach its sentence. In particular, the district court reasonably concluded that, despite the sometimes "harsh results of slavish adherence to [the guidelines]" in the ordinary possession of child pornography

4

prosecution, J.A. 201, Patt deserved a "middle of . . . the guidelines" sentence because of his "evil and dreadful" sexual abuse of several young children, J.A. 204.  Based on this, we can "confidently conclude that it was harmless because the district court would certainly impose the challenged sentence" even if we were to remand for re-sentencing in light of § 5G1.3(b).  *United States v. Coppola*, 671 F.3d 220, 251 (2d Cir. 2012); *see also id.* at 253 n.30 (noting that, given that the Guidelines are now advisory, "the district court [has] the discretion not to follow § 5G1.3(b)").

 We have considered Patt's other arguments on appeal and find them to be without merit.  Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
