**UNITED STATES of America, Appellee,**

v.

**Jerry C. STEARNS, Defendant–Appellant.**

**Docket No. 05–2550–CR.**

United States Court of Appeals, Second Circuit.

Argued: Feb. 16, 2007.

Decided: March 2, 2007.

---

**176**

James M. Branden, New York, N.Y., for Defendant–Appellant.

Stephan J. Baczynski, Assistant U.S. Attorney, for Terance P. Flynn, U.S. Attorney, Western District of New York, Buffalo, N.Y., for Appellee.

Before CALABRESI, B.D. PARKER, HALL, Circuit Judges.

PER CURIAM.

Defendant–Appellant Jerry Stearns appeals from a judgment of conviction entered by the United States District Court for the Western District of New York (Larimer, J.). Stearns pled guilty pursuant to a plea agreement to possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and was sentenced to the statutory minimum sentence of ten years. Stearns argues that the district court abused its discretion in ordering that the sentence be served partially concurrently with an undischarged state sentence. In a supplemental brief filed *pro se*, Stearns also raises a variety of other challenges to his conviction and sentence, including a claim of ineffective assistance of counsel. We affirm the judgment of the district court. We do not consider Stearns' claim of ineffective assistance of counsel, which may be raised in a motion pursuant to 28 U.S.C. § 2255.

## BACKGROUND

Stearns entered a plea agreement on February 4, 2005 in which he agreed to plead guilty to one count of possession of child pornography that had been transported in interstate commerce by computer via the Internet in violation of 18 U.S.C. § 2252A(a)(5)(B). Section 2252A(a)(5)(B) carries a 10–year statutory minimum period of incarceration when, as here, the defendant has a qualifying prior state sexual offense conviction.

In the plea agreement, Stearns stipulated that he possessed between 10 and 150 images of child pornography on his computer and that some of the images depicted pre-pubescent children or minors under twelve years old. Stearns also acknowledged that he was currently serving a six-year New York state sentence for an attempted criminal sexual act. Stearns' plea agreement indicated that the relevant Sentencing Guidelines range was 30 to 37 months, but that "notwithstanding this, the defendant understands" that he will be subjected to the minimum and maximum statutory penalties, which were 120 months and 240 months imprisonment. Finally, the plea agreement included the following waiver of appeal: "[t]he defendant ... knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any sentence imposed by the Court which is the same as or less than the statutory mandatory minimum sentence of 120 months imprisonment...."

At the plea allocution, the district court reviewed the agreement with Stearns, who acknowledged that he fully understood the terms and was knowingly waiving a number of rights and entering a plea of guilty. The district court specifically explained to Stearns that:

> the agreement here is that you should understand that this Court could impose this sentence to run concurrently, that is at the same time as your state sentence; or partially concurrently; or consecutively, which means you would have to serve the state sentence first and then begin the federal sentence.[1]

The court also asked Stearns, "Do you understand I at least have all those options?" to which Stearns answered, "Yes, sir." The district court accepted the plea, concluding that it was knowing, voluntary, and supported by an adequate factual predicate.

Because the mandatory statutory minimum sentence substantially exceeded the Sentencing Guidelines range, at sentencing the critical issue was whether the sentence should be imposed consecutively, concurrently, or partially concurrently with Stearns' state sentence. The court concluded that the sentences should run partially concurrently because "there should be an additional penalty for the separate federal offense here, but not a completely consecutive sentence." To effectuate this result, the district court directed that the federal sentence would start on May 16, 2007 or when Stearns was released from the prior undischarged state sentence—whichever occurred earlier. The decision resulted in a total aggregate sentence for the federal and state offense of approximately thirteen and a half years.

---

1. The plea agreement also noted that:
   The parties further agree that the sentence for the instant case may be imposed to run concurrently, partially concurrently, or consecutively to the ... undischarged term of imprisonment [for the New York state criminal sexual act conviction]. The [District] Court in making a decision must consider, but is not bound by, Guideline Section 5G1.3(c) and Application Note 3 to the Commentary.

## DISCUSSION

■ Stearns contends that the district court's decision to apply the statutory minimum sentence only partially concurrently with the state sentence was an abuse of discretion because (1) it did not provide for a "reasonable incremental punishment for the instant offense;" and (2) the sentence "created unwarranted disparity among similarly situated defendants." The government argues that Stearns waived his right to appeal this issue in the plea agreement. We disagree.

We interpret plea agreements de novo in accordance with principles of contract law, looking to the parties' reasonable understanding of the agreement's terms and resolving any ambiguities in the defendant's favor. Moreover, and specifically relevant here, we construe waiver of a right to appeal in a plea agreement narrowly. *United States v. Ready*, 82 F.3d 551, 556 (2d Cir.1996). Our case law makes clear that, although Stearns explicitly waived his right to appeal the length of his sentence, he did not waive the right to appeal the decision to impose that sentence partially concurrently with his state sentence. *See United States v. Williams*, 260 F.3d 160, 164–65 (2d Cir.2001) ("[A]lthough [the defendant] waived his right to appeal the length of the stipulated sentence, he did not waive a claim on appeal that the sentence should have been imposed concurrently with his state sentence."); *United States v. Brown*, 232 F.3d 44, 48 (2d Cir.2000) (same); *United States v. Velasquez*, 136 F.3d 921, 923 n. 1 (2d. Cir.1998) (per curiam) (stating that the waiver of right to appeal a sentence within stipulated guidelines range in plea agreement did not encompass challenge to imposition of sentence to run concurrently with undischarged state term of imprisonment). To be sure, Stearns acknowledged in his allocution that the district court was au-

thorized to impose a partially concurrent sentence. But construing the agreement narrowly and in Stearns' favor, we believe that merely acknowledging the existence of that authority is not sufficient to constitute a waiver of the right to appeal the manner in which it has been exercised.

■ Turning to the merits of Stearns' appeal, we review for abuse of discretion a district court's decision to impose a partially concurrent sentence. *See, e.g., United States v. Brennan*, 395 F.3d 59, 66 (2d Cir.2005). We have consistently refused to impose upon district courts any particular "formula or incantation" to follow in deciding how to structure a sentence. *See Velasquez*, 136 F.3d at 924 (collecting cases). In deciding to impose a partially concurrent sentence on Stearns, the court reasoned that the sentences should run partially concurrently because "there should be an additional penalty for the separate federal offense here, but not a completely consecutive sentence." The government also pointed out in the plea colloquy that "the defendant has already received a break from the Government" in its decision to charge him with a 10–year mandatory minimum instead of opting for a 15–year mandatory minimum. In these circumstances, we see no abuse of discretion. *Cf. United States v. Lagatta*, 50 F.3d 125, 128 (2d Cir.1995).

■ Stearns' contention that the "arbitrary nature of the order of the [state and federal] charges" creates an unwarranted disparity between similarly situated defendants is likewise without merit. The government is not required to follow any particular order of prosecutions for distinct federal and state crimes based on the hypothetical lowest possible criminal history category and sentence that may result. Stearns' argument that he would have received a lower sentence if the federal prosecution had come first relies on many as-

sumptions. For example, it assumes that the government's charging decision would not change, that the terms of the plea agreement would be the same, and that the state court would impose the same sentence concurrently with his federal sentence. Our review of the record yields no indication that Stearns' sentence was procedurally or substantively unreasonable.

In addition to his counseled brief, Stearns has filed a *pro se* supplemental brief in which he raises a variety of constitutional challenges to the statute under which he was convicted. By pleading guilty and waiving his right to appeal this sentence, Stearns has waived the right to appeal these issues which are fundamental to, and included in, his admission of guilt. We, therefore, do not consider them here.

Finally, Stearns' *pro se* supplemental brief also raises an ineffective assistance of counsel claim. This claim has not been waived. Since claims of ineffective assistance should be made "in the first instance to the district court," we generally decline to hear such claims on direct appeal. *United States v. Matos*, 905 F.2d 30, 32 (2d Cir.1990); *see also United States v. Leone*, 215 F.3d 253, 256 (2d Cir.2000). Because the record before us is undeveloped on this issue, we dismiss without prejudice to Stearns' raising the issue pursuant to 28 U.S.C. § 2255.

For the foregoing reasons, the judgment of the district court is AFFIRMED.