08-4793-cr(L), 08-5268-cr(con)
USA v. Gardner

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 10ᵗʰ day of March, two thousand ten.

Present:
        WILFRED FEINBERG,
        ROBERT A. KATZMANN,
            *Circuit Judges*,
        P. KEVIN CASTEL,
            *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

     *Appellee*,

       v.             Nos. 08-4793-cr(L), 08-5628-cr(con)

EDWARD GARDNER, also known as Alex and KENROY GLADDEN, also known as Kenroy Flowers, also known as Michael Richardson,

     *Defendants-Appellants.*

_____

---

[*] The Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, sitting by designation.

For Appellee:                           JENNIFER E. BURNS, Assistant United States Attorney
                                        (Michael D. Maimin, Assistant United States Attorney,
                                        *on the brief*), *for* Preet Bharara, United States Attorney for
                                        the Southern District of New York, New York, NY

For Defendant-Appellant                 BEVERLY VAN NESS (Curtis J. Farber, *on the brief*), New
Edward Gardner:                         York, NY

For Defendant-Appellant                 DEVIN MCLAUGHLIN, Langrock Sperry & Wool, LLP,
Kenroy Gladden:                         Middlebury, VT

Appeal from the United States District Court for the Southern District of New York
(Rakoff, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgments of the district court are **AFFIRMED** in part, **VACATED** in part,

and **REMANDED**.

Defendants-Appellants Edward Gardner and Kenroy Gladden were convicted following a

jury trial of conspiracy to distribute crack cocaine, distribution of and intent to distribute crack

cocaine, and possession of a firearm in furtherance of a drug trafficking conspiracy.  On appeal

they challenge several aspects of their convictions and sentences.  We assume the parties'

familiarity with the facts and procedural history of the case.

Gardner and Gladden raise two claims jointly, and Gladden raises three additional claims

individually.  Gardner and Gladden argue jointly that the district court erroneously instructed the

jury with regard to the firearm count and that there was insufficient evidence to support that

count.[1]  They also assert that their cases must be remanded for resentencing in light of

---

[1] We address Gardner and Gladden's challenges to their firearms conviction, affirming the district court, in a companion published opinion.  Here we address the remainder of Gardner and Gladden's challenges to their convictions and sentences.

intervening precedent. In addition, Gladden contends that there was insufficient evidence to convict him on the conspiracy charge, that the disparity between the statutory mandatory minimums for crack and powder cocaine is unconstitutional, and that he received ineffective assistance of counsel. We conclude that Gardner and Gladden's challenges to their convictions fail, but that, in light of intervening precedent, their cases must be remanded to the district court for resentencing.

Gladden and Gardner argue that in light of this Court's decision in *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009), a decision issued after the district court sentenced them, this Court must remand their cases for resentencing. The government agrees. In *Williams*, this Court held that the mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(A) is "inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense." 558 F.3d at 168. Here, the district court expressly stated that if it was not obligated to impose a consecutive sentence for the firearms counts, it would not. Therefore, we remand these cases for resentencing in light of *Williams*.[2]

Gladden raises three additional challenges to his conviction and sentence. First, he contends that there was insufficient evidence to convict him on the conspiracy charge. This Court reviews a claim of insufficient evidence *de novo*. *United States v. Yannotti*, 541 F.3d 112,

---

[2] We note that the Supreme Court has granted writs of certiorari in *United States v. Abbott*, 574 F.3d 203 (3d Cir. 2009), and *United States v. Gould*, 329 F. App'x 569 (5th Cir. 2009). One of the questions presented is whether "the term 'any other provision of law'[in 18 U.S.C. § 924(c)(1)(A)] include[s] the underlying drug trafficking offense or crime of violence." Petition for Writ of Certiorari, *Abbott*, ---S.Ct.---, 2010 WL 250514 (No. 09-479). It would likely be an efficient use of judicial resources to await the Supreme Court's resolution of this issue before resentencing defendants in this case.

120 (2d Cir. 2008). "A defendant challenging the sufficiency of the evidence that was the basis of his conviction at trial bears a heavy burden." *United States v. Hawkins*, 547 F.3d 66, 70 (2d Cir. 2008) (internal quotation marks omitted). The Court must review the evidence "in the light most favorable to the government, drawing all reasonable inferences in its favor," *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004), and resolving all "issues of credibility in favor of the [guilty] verdict," *United States v. Howard*, 214 F.3d 361, 363 (2d Cir. 2000). The jury's verdict must be sustained if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

A conspiracy conviction requires proof that two or more persons agreed to participate in a joint venture to commit an unlawful act. *Hawkins*, 547 F.3d at 71. "A transfer of drugs from a seller to a buyer necessarily involves agreement, however brief, on the distribution of a controlled substance," *United States v. Wexler*, 522 F.3d 194, 210 (2d Cir. 2008) (Raggi, *J.*, concurring in part and dissenting in part), and is therefore a conspiracy. But this Court has recognized an exception. "Without more, the mere buyer-seller relationship . . . is insufficient to establish a conspiracy." *United States v. Gore*, 154 F.3d 34, 40 (2d Cir. 1998). "The rationale for holding a buyer and a seller not to be conspirators is that in the typical buy-sell scenario, which involves a casual sale of small quantities of drugs, there is no evidence that the parties were aware of, or agreed to participate in, a larger conspiracy." *United States v. Medina*, 944 F.2d 60, 65 (2d Cir. 1991). "This rationale does not apply, however, where . . . there is advanced planning among the alleged co-conspirators to deal in wholesale quantities of drugs obviously not intended for personal use. Under such circumstances, the participants in the transaction may be presumed to know that they are part of a broader conspiracy." *Id*. at 65-66. "[W]here the evidence has supported the inference that a defendant agreed to participate in the conspiracy

-4-

beyond simply buying or selling we have upheld the conviction." *Hawkins*, 547 F.3d at 72. The application of the buyer-seller exception is limited. *See United States v. Parker*, 554 F.3d 230, 234-37 (2d Cir. 2009).

The critical inquiry in this case is whether the evidence in its totality "suffice[d] to permit a jury to find beyond a reasonable doubt that the defendant was not merely a buyer or seller of narcotics, but rather that the defendant knowingly and intentionally participated in the narcotics-distribution conspiracy by agreeing to accomplish its illegal objective beyond the mere purchase or sale." *Hawkins*, 547 F.3d at 73-74. While this is a highly fact-specific inquiry and this Court has avoided listing factors, other courts have identified several, including "'whether there was prolonged cooperation between the parties, a level of mutual trust, standardized dealings, sales on credit ("fronting"), and the quantity of drugs involved.'" *Id.* at 74 (quoting *United States v. Hicks*, 368 F.3d 801, 805 (7th Cir. 2004)). "No single factor is dispositive." *Id*.

The evidence presented at trial demonstrating that Gladden was part of a conspiracy included evidence showing that (1) Gladden came to Gardner and Williams's residence once or twice a week to pick up money and drop off 100 to 200 grams of crack cocaine; (2) Gladden knew the crack cocaine would be resold, and on at least one occasion, Williams called Gladden when he had a ready customer; (3) if the money was short or not correct, Gardner would tell Gladden that a few people still have money for Gardner and that after Gardner got his money he would give it to Gladden; (4) Gardner introduced Williams to Gladden, stating that Williams "is willing to put in some work, meaning that [Williams was] willing to sell drugs;" and (5) Gladden and Gardner engaged in a joint transaction when they acquired two guns in exchange for crack cocaine. We conclude that the evidence in its totality sufficed to permit a jury to find beyond a reasonable doubt that Gladden knowingly and intentionally participated in a narcotics-

distribution conspiracy.

Second, Gladden argues that the disparity between the statutory mandatory minimums for crack and powder cocaine is unconstitutional. He concedes, however, that "a panel of this Court has recently rejected identical arguments." *See United States v. Samas*, 561 F.3d 108, 110 (2d Cir. 2009). Moreover, the Supreme Court and this Court have repeatedly rejected similar arguments. *See, e.g.*, *Chapman v. United States*, 500 U.S. 453, 465-67 (1991), *United States v. Coleman*, 166 F.3d 428, 430-31 (2d Cir. 1999). In light of these precedents, we reject Gladden's argument.

Third, Gladden asserts that his counsel provided ineffective assistance when he failed to move to suppress a trial exhibit. We decline to hear this claim in the first instance. *See United States v. Stearns*, 479 F.3d 175, 179 (2d Cir. 2007) (per curiam) ("Since claims of ineffective assistance should be made in the first instance to the district court, we generally decline to hear such claims on direct appeal." (internal quotation marks omitted)). Gladden may raise this claim in a 28 U.S.C. § 2255 motion in the district court.

We have considered the remainder of the defendants' arguments and conclude that they lack merit. Accordingly, for the foregoing reasons and the reasons stated in the companion published opinion, the defendants' convictions are **AFFIRMED**; the defendants' sentences are **REVERSED**; and we remand for resentencing. Judgments **AFFIRMED** in part, **VACATED** in part, and **REMANDED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK