08-6091-cr
USA v. Spivack

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of May, two thousand ten.

Present:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> RICHARD J. SULLIVAN,
> > *District Judge*.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                         No. 08-6091-cr

WARREN SPIVACK,

> *Defendant-Appellant*.

_____

For Defendant-Appellant:     SUSAN G. KELLMAN, Brooklyn, NY (Andrea G. Hirsch, New York, NY *on the brief*)

_____

* The Honorable Richard J. Sullivan, United States District Judge for the Southern District of New York, sitting by designation.

For Appellee:        PATRICK SEAN SINCLAIR, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*) *for* Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from the United States District Court for the Eastern District of New York (Korman, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant Warren Spivack appeals from a judgment of conviction entered on October 23, 2008, following a jury trial, convicting him of two counts of distribution and five counts of possession of child pornography. We assume the parties' familiarity with the facts and procedural history of the case.

Spivack argues on appeal that he was denied a fair trial due to the misconduct of the prosecutor. Specifically, Spivack argues that (1) the prosecutor allowed one of the government's witnesses to testify falsely in a highly prejudicial way; (2) the prosecutor's opening and summation statements to the jury were improperly calculated to appeal to the jury's emotions and inflame the jury's prejudices; and (3) the prosecutor violated the government's discovery obligations.

"A defendant's conviction may be vacated if prosecutorial misconduct caused substantial prejudice implicating the right to due process." *United States v. Fell*, 531 F.3d 197, 209 (2d Cir. 2008). A prosecutor has a fundamental obligation to ensure that the testimony he elicits is true. *Shih Wei Su v. Filion*, 335 F.3d 119, 126-27 (2d Cir. 2003). Further, a "prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury," and where "the only

-2-

conceivable purpose of the prosecutor's [remarks] was to prejudice the jury," a prosecutor's remarks are improper. *United States v. Modica*, 663 F.2d 1173, 1180-81 (2d Cir. 1981) (internal quotation marks omitted). To warrant reversal, however, the prosecutorial misconduct must "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Elias*, 285 F.3d 183, 190 (2d Cir. 2002) (internal quotation marks omitted). In assessing whether prosecutorial misconduct caused "substantial prejudice," we consider "the severity of the misconduct, the measures adopted to cure it, and the certainty of conviction in the absence of the misconduct." *United States v. Melendez*, 57 F.3d 238, 241 (2d Cir. 1995).

We conclude that allowing the government's witness to testify falsely in a material way, albeit unknowingly, constituted severe misconduct. *See Shih Wei Su*, 335 F.3d at 126 ("The prosecutor is an officer of the court whose duty is to present a forceful and truthful case to the jury . . . ."). Eliciting false testimony that Spivack was a pedophile was outrageous. "[E]ven when a prosecutor elicits testimony that he or she knows or should know to be false," however, "a showing of prejudice is required." *Id*. at 126-27. Considering the severity of the misconduct, the measures adopted to cure it, and the certainty of conviction in the absence of the misconduct, *see Melendez*, 57 F.3d at 241, we conclude that there was no prejudice here.

First, while allowing a government witness to testify falsely is severe misconduct, its severity is mitigated by the fact that there is no evidence that the prosecutor knew that the witness's testimony was false, *see Modica*, 663 F.2d at 1181 ("[a]mong the elements weighed . . . are the extent to which the misconduct was intentional"), and the fact that defense counsel also did not initially notice that the testimony was false. In addition, the district court adopted a strong measure to cure the misconduct. The district court instructed the jury that the witness's

"testimony was untrue and does not comport with the agent's report of his interview with Mr. Spivack," and directed the jury "to disregard it completely except inasmuch as it affects your evaluation of the credibility of the witness." "[T]he record," thus, "disclose[s] emphatic curative instructions by the trial judge." *United States v. Friedman*, 909 F.2d 705, 710 (2d Cir. 1990). Finally, conviction was highly certain absent this false testimony. The government presented evidence that Spivack stated that he was aware that he was sharing his files. It also introduced evidence that Spivack was savvy about computers and had changed his software settings, making it was highly unlikely that he had inadvertently shared files.

By contrast, we do not find the prosecutor's somewhat lurid description of the photographs at issue during the course of its opening statements to constitute misconduct. The government was entitled to inform the jury about the photographs Spivack allegedly possessed and distributed, and to underscore the moral implications of his crime. *See United States v. Simmons*, 923 F.2d 934, 955 (2d Cir. 1991) (holding that, in heroin possession and distribution case, the fact that the prosecutor's references to the "collapsed veins of junkies" and "swollen arms," were "blunt and to the point" was "not a basis to find them improper"). While it is true that Spivack was not on trial for molesting or photographing children, a principal reason possession and distribution of child pornography are illegal is that children were sexually assaulted or otherwise abused in the course of its production, and because such behavior helps maintain a market for material dependent on the infliction of such harm. *See Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 240, 249 (2002).

Although these remarks may not have constituted misconduct standing alone, however, we find them troubling in light of the false testimony elicited in this case regarding Spivack's

-4-

status as a "pedophile" who "engaged in sexual activity with a child." Tr. Trans., March 6, 2008, 541.[1] Because of the nature of this false testimony, the repeated remarks linking the defendant to "children's pain and torture" and to "real little girls . . . being tortured and sodomized, being raped," and being "subject to the violent experiences," Gov't Opening Statement, 63, 66, take on additional significance. Having carefully considered the trial record, however, we conclude that these statements, in context, did not constitute misconduct, nor did they "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Elias*, 285 F.3d at 190.

The government's references to Lolita in closing were more problematic. It is difficult to perceive any purpose for them other than to inflame the jury. *See Modica*, 663 F.2d at 1180-81. The prosecutor's Lolita remarks were objected to, however, the objection was sustained, and this line of commentary, which appears to us to have been largely unintelligible, ended. The prosecutor's summation was otherwise proper and this single lapse did not result in substantial prejudice. *See Elias*, 285 F.3d at 190 ("[R]emarks of the prosecutor in summation do not amount to a denial of due process unless they constitute egregious misconduct.") (internal quotation marks omitted). Although regrettable, we do not think any of the prosecutor's remarks, or all of them in the aggregate, were sufficiently egregious to amount to a denial of Spivack's due process rights.

We thus conclude that Spivack was not denied a fair trial due to the false testimony of

_____

[1] The panel agrees that the prosecutor's opening remarks did not constitute misconduct. Judge Sullivan, seeing little link between the opening remarks and the false testimony, also does not find them inappropriate nor does he conclude that they take on additional significance in light of that testimony.

one of the government's witness or the prosecutor's opening and closing remarks. We have considered the remainder of Spivack's arguments concerning prosecutorial misconduct and find them also to be without merit.

Spivack also alleges on appeal that his trial was unfair due to the ineffectiveness of his counsel. We decline to hear this claim in the first instance, especially because Spivack merely challenges his trial counsel's overall strategy and we are not in a position to evaluate his trial counsel's overall performance throughout the case. *See United States v. Stearns*, 479 F.3d 175, 179 (2d Cir. 2007) (per curiam) ("Since claims of ineffective assistance should be made in the first instance to the district court, we generally decline to hear such claims on direct appeal.") (internal quotation marks omitted). Spivack may raise this claim in a 28 U.S.C. § 2255 motion.

Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK