*United States v. Ronnie Mejia*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand nineteen.

PRESENT:     JON O. NEWMAN,
             PETER W. HALL,
                  *Circuit Judges*,
             CLAIRE R. KELLY,
                  *Judge.*\*

_____

United States of America,

     *Appellee*,

     v.                                                  No. 18-1551-cr

Luis Morillo, Cerrone Hall, Jeffrey Carvajal,

     *Defendants*,

Ronnie E. Mejia,

     *Defendant-Appellant.*

_____

For Appellant:                          Melissa A. Tuohey, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY

_____

\*Judge Claire R. Kelly of the United States Court of International Trade, sitting by designation.

For Appellee:                                    Carina H. Schoenberger, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Ronnie E. Mejia appeals the May 18, 2018 judgment of the district court imposing a total sentence of 120 months of imprisonment for Mejia's convictions for two counts of aggravated identity theft and one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1028A and 1349, respectively. Both Mejia and the government acknowledge that Mejia's plea agreement bars any appeal as to the length of imprisonment but does not preclude his challenging the district court's decision to run his sentence consecutively to an undischarged term of imprisonment he is serving for a separate conviction in the District of Maryland. *See United States v. Stearns*, 479 F.3d 175, 178 (2d Cir. 2007) (*per curiam*). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review for abuse of discretion the district court's decision to impose a consecutive sentence. *See id.*; *see also United States v. Matera*, 489 F.3d 115, 124 (2d Cir. 2007). "A district court abuses or exceeds the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual

2

finding—cannot be located within the range of permissible decisions." *United States v. Brady*, 417 F.3d 326, 332–33 (2d Cir. 2005) (internal quotation marks omitted).

Mejia acknowledges that the district court had authority to impose his 120-month term of imprisonment either concurrently or consecutively to the undischarged 54-month term of imprisonment he is serving in the District of Maryland. *See* 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3(d). Yet he contends that the district court's decision to impose a consecutive sentence was both procedurally and substantively flawed because it did not take adequate account of the applicable statutory factors. *See* 18 U.S.C. § 3584(b) (in determining whether to order consecutive or concurrent sentences, district courts "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)."). Mejia claims that the district court placed undue weight on the fact that he "committed separate crimes in separate districts," Appellant's Br. 30, at the expense of other relevant considerations, including Mejia's personal characteristics that weigh in his favor. This Court, however, has upheld the imposition of consecutive sentences on the grounds that distinct crimes warrant distinct treatment. *See United States v. Lagatta*, 50 F.3d 125, 128 (2d Cir. 1995) (finding that a sentence imposed concurrently to an undischarged sentence for a separate conviction would not "reflect the seriousness of the offense . . . promote respect for the law . . . provide just punishment for the offense," or "afford adequate deterrence to criminal conduct . . . because it would have, in the words of the district court, given [the defendant] 'a free ride.'") (quoting 18 U.S.C. §§ 3553(a)(2)(A), (B)).

The district court, moreover, confirmed that it had reviewed and considered the Presentence Report and its addendum, Mejia's plea agreement, counsels' submissions, the relevant

3

Sentencing Guidelines, and the Section 3553(a) factors.  App. 121.  The court also noted that it was aware of Mejia's extensive family support but that it found his recurring criminal conduct in the face of interdiction for his earlier crimes "mind boggling."  *Id.* at 120.  Because the record provides no indication that the district court failed properly to discharge its sentencing obligations and because "nothing in the language of § 5G1.3[d] or its Commentary requires district courts to make specific findings with respect to any or all of the factors listed in the Commentary or § 3553(a)," we discern no legal error constituting an abuse of discretion.  *United States v. Coppola*, 671 F.3d 220, 253 (2d Cir. 2012) (internal quotation marks and brackets omitted).  Nor does Mejia identify any "clearly erroneous factual finding" or otherwise impermissible basis for its decision that calls the district court's exercise of discretion into doubt.  *See Brady*, 417 F.3d at 332–33.

We have considered all of Mejia's remaining arguments and find them to be without merit.  We hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4