*United States v. Rivera-Santiago*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand twenty.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> *Circuit Judges*,

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                      19-3433

ALEXANDER RIVERA-SANTIAGO,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | CLINTON W. CALHOUN III, Calhoun & Lawrence, LLP, White Plains, New York |
| For Plaintiff: | MONICA J. RICHARDS, Assistant United States Attorney, *on behalf of* James P. Kennedy, Jr., United States Attorney, Buffalo, New York |

Appeal from a judgment of the United States District Court for the Western District of New York (Vilardo, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Alexander Rivera-Santiago appeals from a judgment of the United States District Court for the Western District of New York (Vilardo, *J*.), entered on October 16, 2019, following Rivera-Santiago's admission to a violation of supervised release and his sentencing for that violation to a 21-month term of imprisonment. At the time of his federal sentencing, Rivera-Santiago had pled guilty to a charge of possessing a firearm in violation of New York Penal Law § 265.03(3) and was awaiting sentencing in state court. The district court sentenced Rivera-Santiago to a 21-month term of imprisonment to run consecutively to the anticipated, but not yet imposed, state term of imprisonment. On appeal, Rivera-Santiago asserts that the district court erred in ordering that the 21-month sentence be served consecutively to an anticipated, but not yet imposed, sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

1. **Appeal Waiver**

At the start, the government asserts that Rivera-Santiago's appeal is foreclosed by an appeal waiver included in the terms of his plea agreement. We disagree. The Court will enforce an appeal waiver "if the record 'clearly demonstrates' that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary." *United States v. Coston*, 737 F.3d 235, 237 (2d Cir. 2013) (quoting *United States v. Ready*, 82 F.3d 551, 557 (2d Cir. 1996)). Even when an appeal waiver is entered into knowingly and voluntarily, however, the Court looks to the text of the plea agreement to determine whether the waiver

2

encompasses the issue on appeal, and in doing so "construe[s] waiver of a right to appeal in a plea agreement narrowly." *United States v. Stearns*, 479 F.3d 175, 178 (2d Cir. 2007).

Here, Rivera-Santiago's plea agreement does not encompass the issue he presses on appeal. The appeal waiver that Rivera-Santiago signed only "explicitly waived his right to appeal the length of his sentence," *id.*, and not his right to appeal the decision to impose a consecutive sentence. The appeal waiver states,

> The Defendant agrees that [he] will not appeal a sentence of imprisonment by the Court which falls within or less than the sentencing range for imprisonment set forth by the Court which falls within or less than the sentencing range for imprisonment set forth in Section II, [Paragraph] 6 above, notwithstanding the manner in which the Court determines the sentence.

App'x at 31. Section II, Paragraph 6 sets forth that the Guidelines range for a Grade B violation is 18 to 24 months imprisonment. The appeal waiver does not address whether the sentence will be imposed concurrently with or consecutively to another existing or anticipated sentence. And this Circuit has routinely held that an appeal waiver that waives the right to appeal only the *length* of a sentence does not also thereby waive the right to appeal a decision to impose the sentence consecutively or concurrently. *See Stearns*, 479 F.3d at 178 ("Our case law makes clear that, although [the defendant] explicitly waived his right to appeal the length of the sentence, he did not waive the right to appeal the decision to impose that sentence partially concurrently with his state sentence."); *United States v. Williams*, 260 F.3d 160, 164–65 (2d Cir. 2001) ("[A]lthough [the defendant] waived his right to appeal the length of the stipulated sentence, he did not waive a claim on appeal that the sentence should have been imposed concurrently with his state sentence."); *see also United States v. Brown*, 232 F.3d 44, 48 (2d Cir. 2000); *United States v. Velasquez*, 136 F.3d 921, 923 n.1 (2d Cir. 1998); *United States v. Ritter*, 700 F. App'x 10, 13 (2d Cir. 2017).

Therefore, Rivera-Santiago's appeal waiver does not bar appeal on the question here and, accordingly, we address its merits.

## 2. **The Merits**

Rivera-Santiago asserts that the district court erred in imposing his sentence for violating the terms of his supervised release consecutively to his anticipated state sentence because the court "failed to follow the direction of U.S.S.G. § 7B1.3(f)," Appellant Br. at 10.[1]  Section 7B1.3(f) of the Sentencing Guidelines is a policy statement that provides:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

Rivera-Santiago argues that this Guidelines provision means that a court may impose a consecutive sentence in the context of a revocation of supervised release *only* if the defendant is already serving the undischarged term of imprisonment that is to precede the consecutive sentence.  Because the district court here determined that his federal sentence should run consecutively to an *expected* state sentence, according to Rivera-Santiago, the district court failed to take Section 7B1.3(f) into account.

This argument is without merit.  As an initial matter, policy statements set forth in Chapter Seven of the Sentencing Guidelines are not binding on the court.  *United States v. Anderson*, 15 F.3d 278, 284 (2d Cir. 1994); *United States v. Goins*, 630 Fed. App'x 64, 67 (2d Cir. 2015) ("[A]s

---

[1]  The Government urges that this claim may be reviewed only for plain error, on the theory that Rivera-Santiago did not object to the consecutive sentence when imposed.  We need not address this question because we conclude, for the reasons stated herein, that Rivera-Santiago's argument fails whether reviewed for plain error or for clear error under an "abuse of discretion" standard, *see United States v. Olmeda*, 894 F.3d 89, 92 (2d Cir. 2018).

a policy statement, [U.S.S.G § 7B1.3(f)]'s application has always been discretionary and not mandatory."). While a district court must "consider the [applicable] non-binding policy statements found in Chapter Seven of the Guidelines Manual," the policy statements are "merely advisory." *United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir. 1997). And in considering non-binding policy statements, a district court does not have to make "explicit, detailed findings" if it chooses not to follow a policy statement. *Id.* (quoting *Anderson*, 15 F.3d at 284); *see also United States v. Fleming*, 397 F.3d 95, 99–100 (2d Cir. 2005).

But here, there is no applicable policy statement at issue in any event. Section 7B1.3(f) requires a court to impose a consecutive term when there is an existing sentence in effect. It does not address the court's discretion in the absence of any such existing sentence. Because U.S.S.G. § 7B1.3(f) was inapplicable by its terms, the district court had no obligation to consider it in determining Rivera-Santiago's sentence.

At any rate, the district court *did* consider Section 7B1.3(f). The district court explicitly stated that "[t]he Court has considered the policy statements from Chapter 7 of the sentencing guidelines as well as the factors in 18 United States Code Section 3583E." App'x at 57. Having done so, the court stated that the sentence "will be served consecutive to any term of imprisonment imposed on the state charges." App'x at 57. In elaborating on the sentence, the court remarked that "prior sentences that have been imposed [on Rivera-Santiago] have just not worked," App'x at 59, and as such, the court chose to "impose[] a sentence in the middle of the guidelines" and "not at the high end," "because I understand this is going to be consecutive to [the state sentence]." *Id.* Thus, to the extent the court considered this policy statement, it still decided that a consecutive sentence was warranted, even if not required or expressly authorized by Chapter 7.

5

Since Chapter 7 is non-binding on the courts, such a decision was both reasonable and appropriate. *See Pelensky*, 129 F.3d at 69.

Moreover, the Supreme Court has expressly upheld the district court's authority to impose a federal sentence "consecutive to an anticipated state sentence that has not yet been imposed." *Setser v. United States*, 566 U.S. 231, 233 (2012). Rivera-Santiago tries to distinguish his case from the Court's holding in *Setser*, stating that "Setser's case did not involve a violation proceeding, but rather involved the sentencing of a defendant on a federal drug conviction. . . . Thus, if Rivera were being sentenced for a crime instead of a violation of supervised release, the sentence he received would be controlled by *Setser* and would be unobjectionable." Appellant's Br. at 13. But the Court's holding in *Setser* was based on a recognition of courts' longstanding discretion to impose a sentence to "run concurrently or consecutively with respect to other sentences . . . including state proceedings" and to abide by "principles of federalism."[2] 566 U.S. at 236–37, 241. That the defendant was "sentenced for a crime instead of a violation of supervised release" had no bearing on the Court's decision in *Setser*. It is not surprising, then, that the courts to have considered Rivera-Santiago's argument have uniformly rejected it. *See*

---

[2] Contrary to Rivera-Santiago's argument, *Setser* arguably has *greater* force in the context of violations of supervised release, where courts have always had ample sentencing discretion absent binding sentencing guidelines for violations of supervised release, *Pelensky*, 129 F.3d at 69, and where federalism concerns are heightened when, as here, the violation of supervised release was due to the commission of a state crime. *See Setser*, 566 U.S. at 241 ("[I]t is always more respectful of the State's sovereignty for the district court to make its decision up front rather than for the Bureau of Prisons to make the decision *after* the state court has acted. That way, the state court has all of the information before it when it acts." (emphasis in original)). Although the *Setser* Court noted that there may be instances in which "a district court may have inadequate information and may forbear" from "impos[ing] anticipatory consecutive (or concurrent) sentences," *id.* at 242 n.6, such was not the case here as Rivera-Santiago's counsel informed the court that the state court had "committed to a seven-year sentence in which he'll also receive a five-year post-supervised release term." App'x at 55.

*United States v. Johnson*, 827 F.3d 740, 745 (8th Cir. 2016) ("[T]he district court's order that Johnson serve the federal revocation sentence consecutive to a state sentence that has not yet been imposed constitutes no abuse of discretion."); *United States v. Long*, 2012 WL 2905304, at \*2 (C.D. Ill. July 16, 2012) ("[T]he Court concludes, in light of *Setser*, that it has the authority to make the sentence imposed run consecutive to a state sentence that has not yet been imposed."). We agree.

\*    \*    \*

We have considered Defendant-Appellant's remaining arguments and find them to be without merit.    Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7