*United States v. Francis*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-six.

Present:

> AMALYA L. KEARSE,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                25-1817

NAZEEM FRANCIS,

> *Defendant-Appellant.*

---

| | |
|---|---|
| For Defendant-Appellant: | Lance A. Clarke and Ethan Van Buren, Hamilton Clarke, LLP, New York, NY |
| For Appellee: | Dylan A. Stern and Andrew D. Reich, Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED IN PART** and the judgment of the district court is **AFFIRMED IN PART AND VACATED AND REMANDED IN PART**.

Defendant-Appellant Nazeem Francis appeals from a judgment of the United States District Court for the Eastern District of New York, entered on July 15, 2025, convicting Francis of assaulting a federal corrections officer, in violation of 18 U.S.C. § 111(a)(l), (b).

On November 19, 2020, Francis was arrested in connection with a failed robbery that resulted in a murder. He was then indicted in the United States District Court for the Southern District of New York on a number of federal charges and, after pleading guilty to attempted Hobbs Act robbery, was sentenced to a 240-month term of imprisonment by United States District Judge Mary Kay Vyskocil.

Following his sentencing on the robbery offense, and while being held at the Metropolitan Detention Center in Brooklyn, Francis committed the conduct that gave rise to the present appeal: He attacked a correctional officer who had instructed him to return to his cell in the wake of a fight between other inmates. The assault left the officer with a fractured rib and a laceration to the bridge of his nose. On October 21, 2022, Francis was indicted on the present charge for assaulting the officer. On February 16, 2024, Francis pled guilty to that count pursuant to a plea agreement that included an appellate waiver. The district court sentenced Francis to a prison term of 168 months, with 72 months to run concurrently with the earlier 240-month sentence, and 96 months to run consecutively. At sentencing, Francis did not at that time object to the 168-month term of imprisonment. Although defense counsel asked the court to impose any prison term to run entirely

concurrently to his undischarged term of incarceration, he did not object that running it partially consecutively was substantively unreasonable. The district court also sentenced Francis to a three-year term of supervised release subject to various conditions, including thirteen discretionary "standard" conditions of supervision.

Francis now argues, for the first time on appeal, that his prison sentence was both procedurally and substantively unreasonable. He also contends that the district court erred by failing to orally pronounce the thirteen conditions of supervised release at sentencing. We assume the parties' familiarity with the case.

## I.      Term of incarceration

We begin with Francis's challenge to the procedural and substantive reasonableness of his prison sentence. "We employ a particularly deferential form of abuse-of-discretion review that we apply both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness)." *United States v. Martinez*, 110 F.4th 160, 174 (2d Cir. 2024).[1] As here, however, if the defendant fails to raise an objection before the district court, this Court applies the even-more-deferential standard of plain error. *See United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013).

As an initial matter, we note that Francis does not clearly challenge the district court's decision to impose a 168-month sentence; rather, he seems to focus entirely on the district court's decision to run 96 months consecutively to his undischarged 240-month sentence for his previous Hobbs Act conviction. As a procedural matter, Francis argues that the district court failed to consider all of the sentencing factors set forth in 18 U.S.C. § 3553(a) and inadequately explained

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

the sentence imposed. And as a substantive matter, Francis contends that running 96 months consecutively to his previous 240-month sentence effectively resulted in a 336-month sentence, which he characterizes as an unreasonable "*upward* variance." Appellant's Br. at 24 (emphasis in original).

To the extent that Francis's brief can be construed to challenge the 168-month sentence, without regard to its consecutive or concurrent nature, both his procedural and substantive claims are squarely foreclosed by his appellate waiver. Francis's plea agreement contains the following language: "The defendant agrees not to file an appeal or otherwise challenge . . . the conviction or sentence in the event that the Court imposes a term of imprisonment of 210 months or below." App'x at 16. We have held that "[w]aivers of the right to appeal a sentence are presumptively enforceable," *United States v. Borden*, 16 F.4th 351, 354 (2d Cir. 2021), and exceptions to this rule are limited to instances where (1) "the waiver was not made knowingly, voluntarily, and competently," (2) "the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases," (3) "the government breached the plea agreement," or (4) "the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus," *United States v. Thompson*, 143 F.4th 169, 182 (2d Cir. 2025). Upon review of the record, we conclude that Francis's waiver is enforceable. At the plea colloquy, the district court confirmed generally that Francis was entering his plea knowingly and voluntarily, and specifically that Francis understood that his plea agreement contained an appellate waiver. There is no indication in the record that the court imposed Francis's sentence based upon constitutionally impermissible factors, such as ethnic or racial bias, or that the Government failed to adhere to any of its obligations under the agreement. And at sentencing, the court provided a lengthy explanation for Francis's sentence. In short,

4

Francis has not demonstrated that his appeal fits into any of the exceptions we have recognized to a valid appellate waiver.

Francis nevertheless contends that his "procedural challenges to the sentence are exempt from the waiver both by agreement and as a matter of right." Appellant's Br. at 34. That is because, he says, the plea agreement recited the well-established requirement that the district court must consider all of the sentencing factors listed in 18 U.S.C. § 3553(a), and such consideration is "a right of constitutional dimension." Appellant's Br. at 35. Neither contention is correct. For one thing, as a matter of contractual interpretation, we have repeatedly held that a waiver like the one in Francis's agreement—which here applies "without regard to the sentencing analysis used by the Court," App'x at 16—forecloses any claim that the district court failed to properly consider particular aggravating or mitigating factors at sentencing. *See United States v. Buissereth*, 638 F.3d 114, 117–18, 117 n.1 (2d Cir. 2011) (finding this language to cover a procedural reasonableness challenge based on the district court's failure to reference consideration of the § 3553(a) factors). And we have held that such agreements can validly waive claims of that type of error. *See id.* at 117 ("While [the defendant's] appeal waiver did not relieve the District Court of its responsibility to follow the procedural requirements related to the imposition of a sentence, the appeal waiver does preclude this Court from correcting the errors alleged to have occurred below."). Moreover, Francis does not explain how the purported violation of a statute—here, § 3553(a)—constitutes violation of a right "of constitutional dimension," *see United States v. Garcia*, 166 F.3d 519, 522 (2d Cir. 1999) (enforcing appellate waiver against a due process claim that constituted nothing more than "a poorly disguised attack on the merits of [the defendant's] sentence"); nor does he explain why such a claim, even if grounded in the Constitution, would be unwaivable.

5

Contrary to the Government's contention, however, the particular appellate waiver contained in Francis's plea agreement does not bar him from challenging—either procedurally or substantively—the district court's decision to run 96 months of his sentence consecutively to his prior sentence. As Francis correctly points out, his appellate waiver does not purport to waive any claim regarding the extent to which his sentence runs consecutively to another sentence. We have held that we will not construe such a narrowly framed waiver to bar a similar claim on appeal. *See United States v. Stearns*, 479 F.3d 175, 178 (2d Cir. 2007). (We confess to some puzzlement that the Government's brief makes no mention of *Stearns*, even though it was squarely raised in Francis's opening brief.)

Nevertheless, Francis's challenges fail on the merits to the extent that he disputes the district court's decision to run 96 months of his 168-month sentence consecutively to his prior sentence. Procedurally, he points to nothing in the record to undermine our longstanding presumption that "the sentencing judge has considered all relevant § 3553(a) factors and arguments," especially given the district court's "explicit statement that it had considered the § 3553(a) factors" and its lengthy discussion of the factors at sentencing. *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020). The record here reflects such consideration. *See* App'x at 50–52, 54, 63-67. And substantively, we find no error with the district court's decision to effectively require that Francis serve an additional 96 months in prison, beyond the 240 months that he had received for his earlier Hobbs Act robbery conviction. Because the 240-month sentence is not on appeal, Francis is incorrect in suggesting that his now-aggregate 336-month term of imprisonment was "effectively . . . an *upward* variance" from some hypothetical baseline. Appellant's Br. at 24 (emphasis in original). Instead, the relevant question is whether it was substantively reasonable to run 96 months consecutively to Francis's earlier sentence, so that he

would face additional punishment for his assault on a corrections officer. We answer in the affirmative. As the district court reasonably concluded, additional prison time was needed to avoid "award[ing] a free kick to criminal offenders who are in jail who think they can do anything they want because no time will be added." App'x at 66. Ruling otherwise would encourage violence against corrections officers, whose "job[s] [are] tough enough." *Id.* And Francis's lengthy criminal history, which includes charges arising from two more prison assaults that occurred after the one at issue here but before this sentencing, further supports the conclusion that it was reasonable to run 96 months consecutively to Francis's undischarged prison term for a separate crime.

## II. Conditions of supervised release

Francis argues, and the Government agrees, that the district court erred by including in the judgment thirteen discretionary standard conditions of supervised release, even though they were not orally pronounced at sentencing or incorporated by reference to a writing, setting out those conditions, that was made available to Francis. We likewise agree that a limited remand is appropriate for the district court to vacate those thirteen conditions and, if it wishes, to consider reimposing them in the defendant's presence, *see United States v. Maiorana*, 153 F.4th 306, 314–15 (2d Cir. 2025) (*en banc*), subject as always to the defendant's ability to waive his rights in that regard, *id.* at 315 n.14.

\* \* \*

7

We have considered Francis's remaining arguments and find them unpersuasive. For the foregoing reasons, we **GRANT IN PART** the Government's motion to dismiss, **AFFIRM IN PART** the judgment of the district court and **VACATE AND REMAND IN PART** for the limited purpose outlined above.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk